1
2
3
4
5
6
7

8                      **UNITED STATES DISTRICT COURT**

9                         EASTERN DISTRICT OF CALIFORNIA

10

11 DENNIS MARIC,                          )    1:12-cv-00102 LJO GSA
                                          )
        Plaintiff,                        )    **ORDER DISMISSING PLAINTIFF'S**
12                                        )    **COMPLAINT WITH LEAVE TO AMEND**
        v.                                )
13                                        )
   FRESNO COUNTY, et al.,                 )
14                                        )
        Defendants.                       )
15 _____ )

16

17                             **INTRODUCTION**

18        Plaintiff Dennis Maric ("Plaintiff") filed a complaint on January 23, 2012, naming the

19 County of Fresno as a Defendant, as well as a number of its law enforcement personnel as

20 Defendants in their official and individual capacities, including Sheriff Margaret Mims,

21 Sergeants Daniel Cervantes, Jeff Kerston, and Lee Rosander, and Deputies Alvarado, Todd Burk,

22 Fernando Maldonado and John Robinson, Doe Badge No. 239, and an unspecified number of

23 John or Jane Does.  Further, Plaintiff asserted the following claims: numerous violations of Title

24 42 of the United States Code section 1983 (hereafter "section 1983"); malicious prosecution,

25 malicious abuse of process, a violation of California Unruh Civil Rights Act, false arrest and

26 imprisonment, assault and battery, conspiracy, intentional infliction of emotional distress,

27

28                                          1

1    "unreasonable force by law enforcement," "reckless disregard," and libel and slander by public

2    officials. (*See* Doc. 1 at 1-3.)

3        On January 27, 2012, District Judge Lawrence J. O'Neill issued an order denying

4    Plaintiff's application to proceed *in forma pauperis*, and requiring that Plaintiff pay the

5    customary filing fee no later than February 15, 2012. (Doc. 3.) On or about February 7, 2012,

6    Plaintiff paid the required filing fee.

7        For the reasons that follow, Plaintiff's complaint will be dismissed with leave to amend.

8                                          **DISCUSSION**

9        **A.    *Screening Standard***

10        "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the

11    Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or

12    malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

13    against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Omar v.*

14    *Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62

15    (9th Cir. 1981).

16        A complaint must contain "a short and plain statement of the claim showing that the

17    pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

18    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

19    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

20    1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

21    (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that

22    is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While

23    factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.

24        If the Court determines that the complaint fails to state a claim, leave to amend should be

25    granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v.*

26    *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a

27

28                                              2

1  claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has

2  alleged and that an opportunity to amend would be futile.  *Lopez*, at 1128.

3  A claim is frivolous if it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*,

4  490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  A frivolous claim is based on an

5  inarguable legal conclusion or a fanciful factual allegation.  *Id.*  A federal court may dismiss a

6  claim as frivolous if it is based on an indisputably meritless legal theory or if the factual

7  contentions are clearly baseless.  *Id.*

8  The Court must accept as true the allegations of the complaint in question, *Hospital Bldg.*

9  *Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally

10  in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000),

11  and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

12  A pleading may not simply allege a wrong has been committed and demand relief.  The

13  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

14  "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v.*

15  *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

16  **B.**     ***Plaintiff's Allegations***

17  Generally speaking, Plaintiff alleges that on March 18, 2010, law enforcement officers

18  were called to the home he shared with his wife, Marie Maric (hereafter "Marie"), at 445 S.

19  Argyle Avenue, Apartment 108, in Fresno, California.  He contends that she admitted attacking

20  and assaulting him, and that Plaintiff did not hit her; nevertheless, Marie was not arrested.

21  Sometime later, Marie called authorities again, indicating she wanted Plaintiff removed from

22  their shared residence.  (Doc. 1 at 6.)

23  Once law enforcement personnel arrived following Marie's second call, Plaintiff

24  answered the door.  Marie and the couple's two children were sitting on a couch near the front

25  door.  When he was asked what was going on, Plaintiff responded that he did not wish to say

26  anything and that things were fine.  Despite his statement, and the fact that the personnel at the

27

28                                                    3

1   door could see Marie and the two children were unharmed, officers entered the home, pushed

2   Plaintiff against a wall and then pulled him from the apartment.  He was then handcuffed.  (Doc.

3   1 at 6-7.)

4        Plaintiff advised the officers that their actions were illegal and that he was aware of his

5   Constitutional rights.  The officers became aggravated and attacked him from behind, knocking

6   him to the ground with their bodies, and causing him injury.  Thereafter, Plaintiff was told by the

7   officers to shut up and to "smoke some more dope."  Before eventually being placed in a patrol

8   car, Plaintiff was forced to stand in his shorts and nightshirt in the cold at night.  Subsequently, a

9   number of firearms were illegally confiscated from the apartment.  Following his arrest, all

10  criminal charges filed against Plaintiff were eventually dismissed.  (Doc. 1 at 7-10.)

11       **C.**    ***Analysis***

12            **1.**    ***The Court Is Not A Repository Of Evidence***

13        Initially, it is noted that Plaintiff has appended nearly fifty pages of evidence as exhibits

14  to his complaint.  However, the Court cannot serve as a repository for the parties' evidence.

15  Parties may not file evidence with the Court until the course of litigation brings the evidence into

16  question (for example, on a motion for summary judgment, at trial, or when requested by the

17  Court).  Here, the litigation has not proceeded to a point requiring presentation of evidence to the

18  Court.  Thus, should Plaintiff elect to file an amended complaint, he is instructed not to file

19  exhibits with his complaint or otherwise present evidence to the Court until required to do so.

20            **2.**    ***Rule 8(a)***

21        As Rule 8(a) of the Federal Rules of Civil Procedure states, a complaint must contain "a

22  short and plain statement of the claim."  The rule expresses the principle of notice-pleading,

23  whereby the pleader need only give the opposing party fair notice of a claim.  *Conley v. Gibson*,

24  355 U.S. at 45-46.  Rule 8(a) does not require an elaborate recitation of every fact a

25  plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant

26  fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Id*. at 47.

27

28                                         4

Plaintiff will be given an opportunity to amend his complaint to comply with Rule 8(a). As noted above, an elaborate recitation of the facts is not required. It is important to note that Plaintiff must plainly state his claim, must set forth the relevant facts pertaining to that claim, and identify the defendant or defendants against whom he seeks relief for each claim. In other words, Plaintiff must plead the facts of an event or events, identify the participants in the event, explain the conduct of the participants during that event, and state the constitutional deprivation or tort suffered as a result of the conduct.

Because Plaintiff's complaint is deficient in this regard, he shall be granted leave to file an amended complaint. Thus, in paragraphs that follow, the Court will provide relevant legal standards applicable to Plaintiff's claims that he should keep in mind should he elect to file an amended complaint.

### 3.   *Section 1983 Claims*

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is advised that to state a claim for relief under section 1983, he must link each named Defendant with some affirmative act or omission that demonstrates a violation of

5

Plaintiff's federal rights.  This linkage requirement mandates that Plaintiff name an individual

Defendant or Defendants for each alleged violation.  If Plaintiff does not know the names of the

officers, he can identify the officer as John Doe number one, number two, et cetera.  However,

the actions of each officer must be clearly outlined.

### a.    False Arrest

The Fourth Amendment requires that an arrest be supported by probable cause.  *Atwater

v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).  "[A]

warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is

probable cause to believe that a criminal offense has been or is being committed."  *Devenpeck v.

Alford*, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) (citations omitted).

An arrest is supported by probable cause if, under the totality of the circumstances known

to the arresting officer, a prudent person would have concluded that there was a fair probability

that the defendant had committed a crime.  *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir.

2010); *see also Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009).  The inquiry

is not whether the suspect actually committed the offense, but rather whether a reasonable

officer, based on information known to him/her at the time, had probable cause to think that the

suspect could have committed the offense.  *See Blankenhorn v. City of Orange*, 485 F.3d 463,

475 (9th Cir. 2007).

### b.    Malicious Prosecution

A claim for malicious prosecution or abuse of process is not generally cognizable under

section 1983 if a process is available within the state judicial system to provide a remedy.  *Usher

v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  The exception is

"when a malicious prosecution is conducted with the intent to deprive a person of equal

protection of the laws or is otherwise intended to subject a person to denial of constitutional

rights." *Id*. (citations omitted).

1   In order to prevail on a section 1983 claim of malicious prosecution, a plaintiff "must

2   show that the defendants prosecuted [him] with malice and without probable cause, and that they

3   did so for the purpose of denying [him] equal protection or another specific constitutional right."

4   *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted).   Malicious

5   prosecution actions are not limited to suits against prosecutors, but also may be "brought against

6   other persons who have wrongfully caused the charges to be filed."   *Awabdy v. City of Adelanto*,

7   368 F.3d 1062, 1066 (9th Cir. 2004), citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119,

8   1126-27 (9th Cir. 2002).

9   Further, a malicious prosecution claim under section 1983 is based on state law elements.

10  *See Usher v. City of Los Angeles*, 828 F.2d at 562.   In order to establish a malicious prosecution

11  cause of action under California law, Plaintiff must establish that the prior proceeding

12  commenced by or at the direction of the malicious prosecution defendant was pursued (1) to a

13  legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated

14  with malice.   *Villa v. Cole*, 4 Cal.App.4th 1327, 1335, 6 Cal.Rptr.2d 644 (1992); *see also*

15  *Sagonowsky v. More*, 64 Cal.App.4th 122, 128, 75 Cal.Rptr.2d 118 (1998).   If a plaintiff cannot

16  establish any one of these three elements, his malicious prosecution action will fail.   *StaffPro,*

17  *Inc. v. Elite Show Services, Inc.*, 136 Cal.App.4th 1392, 1398, 39 Cal.Rptr.3d 682 (2006).

18                      **c.      Respondeat Superior**

19  Plaintiff has named Sheriff Margaret Mims as a Defendant in this action.   He also names

20  three sergeants with the Fresno County Sheriff's Department.   "Although there is no pure

21  respondeat superior liability under section 1983, a supervisor [may be held] liable for the

22  constitutional violations of subordinates 'if the supervisor participated in or directed the

23  violations, or knew of the violations and failed to act to prevent them.'"   *Hydrick v. Hunter*, 500

24  F.3d 978, 988 (9th Cir. 2007) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

25  Plaintiff does not identify specific supervisors' actions, and the complaint does not

26  explain the role of any of specific supervisor in this incident, and does not explain how

27

28                                       7

Defendant Mims participated or directed the purported violations.  Although Plaintiff alleges that Defendant Mims is responsible for the "promulgation and implantation [*sic*], (or lack thereof) of policing, policies, proceedings and practices," Plaintiff has not clearly established that either Defendant Mims (or Sergeants Cervantes, Kerston or Rosander for that matter) was present at the time of the incident, or that she knew about the incident and did nothing to prevent it. To the extent that Plaintiff intends to bring claims against Defendants based on their supervisory roles, Plaintiff's allegations as written are insufficient to state a section 1983 claim against them.

### d.    Municipalities

A local government unit may not be held liable for the acts of its employees under a respondeat superior theory.  *Monell v. Department of Social Services*, 436 U.S. at 691; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir. 1991), cert. denied, 502 U.S. 899 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989).  Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies Monell's policy requirements." *Thompson v. City of Los Angeles*, 885 F.2d at 1443.  Official policy may derive from "a decision properly made by a local governmental entity's authorized decision maker – i.e., an official who possesses final authority to establish [local government] policy with respect to the [challenged] action." *Id*. at 1443, internal quotation marks omitted.  "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." *Id.* at 1444.  "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under [section]

1983."  *Polk County v. Dodson*, 454 U.S. 312, 326 (1981), internal quotation marks omitted; *see also Rizzo v. Goode*, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983).

Here, Plaintiff's allegations are vague and do not relate to a policy or custom resulting in a constitutional violation but instead appear only to relate to the actions of officers allegedly using excessive force during an arrest.  Although Plaintiff alleges that there is a policy regarding "domestic violence," he does not explicitly identify it, nor does he demonstrate how this particular policy resulted in the excessive force that he alleges.  Plaintiff merely makes conclusory statements.  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusion are not.  *Id*. at 678.  Moreover, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555).

### 4.  *Conspiracy*

Plaintiff references conspiracy and section 1983, as well as Title 42 of the United States Code section 1985, yet without specific reference to any subsection.  The legal standards applicable to conspiracy claims are provided below.

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001).

A claim pursuant to section 1985(2) of Title 42 of the United States Code contains two clauses.  The first clause, prohibiting any conspiracy to intimidate or injure any party, witness or juror in a federal judicial proceeding, has no application here.  The second clause prohibits any conspiracy to impede justice in state court.  The Ninth Circuit has held that claims under this

section and clause require the element of class-based animus. *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982).

A claim brought for violation of Title 42 of the United States Code section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001).

"Section 1986 [of Title 42 of the United States Code] authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under [section] 1985." *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief under this section unless he has first stated a claim for relief under section 1985 of the Code. *McCalden v. California Library Assoc.*, 955 F.2d 1214, 1223 (9th Cir. 1992).

### 5. *California Civil Code Section 51*

California's Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51.

### 6. *False Imprisonment*

Plaintiff asserts a claim of false imprisonment. More specifically, he claims Defendants acted with the intent to confine him within fixed boundaries, their acts directly resulted in his

confinement, and he was conscious of the confinement.

The elements "of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hospital*, 80 Cal.App.4th 484, 496 (2000) (citation omitted).

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 757 (1997)). False arrest is not a different tort. *Id.* Rather, "'it is merely one way of committing a false imprisonment.'" *Id.* "There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).

### 7. *Assault & Battery*

Plaintiff's "count 10" asserts a claim of "assault and battery." Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code §§ 240, 242; 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007). For battery, a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff. *Id.*

11

1

### 8.    *Intentional Infliction of Emotional Distress*

2    Plaintiff contends he suffered emotional distress as a result of the malicious prosecution

3  and abuse of lawful process, false arrest and imprisonment, assault and battery, conspiracy, "by

4  kidnapping [*sic*] plaintiff's children," and defamation.

5    Under California law, the elements of intentional infliction of emotional distress are: (1)

6  extreme and outrageous conduct by the defendant with the intention of causing, or reckless

7  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

8  extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

9  the defendant's outrageous conduct.  *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009); *Tekle*

10 *v. United States*, 511 F.3d at 855; *Simo v. Union of Needletrades, Industrial & Textile*

11 *Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003).  Conduct is outrageous if it is so extreme as to

12 exceed all bounds of that usually tolerated in a civilized community.  *Corales*, 567 F.3d at 571;

13 *Tekle*, 511 F.3d at 855; *Simo*, 322 F.3d at 622.

14    In addition to the requirement that the conduct be intentional and outrageous, the conduct

15 must have been directed at Plaintiff or occur in the presence of Plaintiff, of whom Defendant was

16 aware.  *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d at 622.

17 Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or

18 other trivialities*.  Fisher v. San Pedro Peninsula Hosp*., 214 Cal.App.3d 590, 617, 262 Cal.Rptr.

19 842, 857 (1989).  Severe emotional distress is that which is of such substantial quantity or

20 enduring quality that no reasonable man in a civilized society should be expected to endure it.

21 *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d at 622.

22    ### 9.    *Defamation*

23    Plaintiff's "count 14" is entitled "libel and slander by public officials."  California Civil

24 Code section 44 provides that defamation can be of two types, libel or slander.  Libel is defined

25

26

27

28    12

1  in California Civil Code section 45, slander in section 46.[1]  To prevail on a claim for defamation,

2  a plaintiff must show four elements:  that defendants published the statements; that the

3  statements were about plaintiff; that they were false; and that defendants failed to use reasonable

4  care to determine the truth or falsity.  *See Hecimovich v. Encinal School Parent Teacher*

5  *Organization*, 203 Cal.App.4th 450, 470 (2012); *see also Taus v. Loftus*, 40 Cal.4th 683, 720,

6  151 P.3d 1185, 1209 (2007).

7      **D.    *Miscellaneous***

8          **Representation**

9          The Court recognizes that Plaintiff is entitled to represent himself and may continue to do

10  so if he so chooses, however Plaintiff is cautioned that "[a]ny individual representing himself or

11  herself without an attorney is bound by the Federal Rules of Civil . . . Procedure, including

12  [Local] Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules

13  apply to individuals appearing *in propria persona*.  Failure to comply therewith may be grounds

14  for dismissal, judgment by default, or any other sanction appropriate under these rules."  Local

15  Rule 183.

16          **Timeliness**

17          Plaintiff is cautioned that certain state law claims asserted may be barred by the applicable

18

19  _____

20      [1]California Civil Code section 45 provides: "Libel is a false and unprivileged publication by writing,
printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt,
ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his

21  occupation."
      California Civil Code section 46 provides:

22          Slander is a false and unprivileged publication, orally uttered . . . which:
              1. Charges any person with crime, or with having been indicted, convicted, or

23      punished for crime;
              2. Imputes in him the present existence of an infectious, contagious, or

24      loathsome disease;
              3. Tends directly to injure him in respect to his office, profession, trade or

25      business, either by imputing to him general disqualification in those respects which the
      office or other occupation peculiarly requires, or by imputing something with reference to

26      his office, profession, trade, or business that has a natural tendency to lessen its profits;
              4. Imputes to him impotence or a want of chastity; or

27              5. Which, by natural consequence, causes actual damage.

28                                    13

1  statute of limitations.  *See* Cal. Civ. Proc. § 340(c) (one year).

2  **CONCLUSION**

3       For the reasons given above, Plaintiff's complaint is DISMISSED WITH LEAVE TO

4  AMEND**.  Plaintiff's first amended complaint is due within thirty (30) days of the date of**

5  **service of this order.  If Plaintiff fails to file a first amended complaint, the Court will**

6  **recommend that this action be dismissed for failure to follow a court order.**

7       Plaintiff is cautioned that an amended complaint supercedes the original complaint,

8  and must be "complete in itself without reference to the prior or superceded pleading."  *See Forsyth v.*

9  *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

10  1987); Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

11  complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567,

12  citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114

13  F.3d at 1474.

14

15       IT IS SO ORDERED.

16  **Dated:**   **April 13, 2012**          **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28