1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                             EASTERN DISTRICT OF CALIFORNIA

10

DENNIS MARIC,                          )      1:12-cv-00102 LJO GSA
11                                       )
                     Plaintiff,          )      **FINDINGS AND RECOMMENDATIONS**
12                                       )      **REGARDING PLAINTIFF'S FIRST**
          v.                             )      **AMENDED COMPLAINT**
13                                       )
FRESNO COUNTY, et al.,                   )
14                                       )
                     Defendants.         )
15   _____)

16

17                                 **INTRODUCTION**

18        Plaintiff Dennis Maric ("Plaintiff") filed a complaint on January 23, 2012, naming

19   numerous defendants and asserting various civil rights causes of action and other claims.  (Doc.

20   1.)  On April 13, 2012, this Court dismissed the complaint with leave to amend.  Plaintiff was to

21   file an amended complaint no later than May 14, 2012.  (Doc. 4.)

22        On May 9, 2012, Plaintiff filed a First Amended Complaint ("FAC").  The caption

23   identifies the following parties as Defendants: the County of Fresno, the Fresno County Sheriffs

24   Department, Fresno County Deputy Sheriffs Alvarado, Burk, Maldonado and Robinson, and an

25   unspecified number of Doe defendants.  Plaintiff asserts approximately thirty-one separate causes

26

27

28                                        1

of action[1], including numerous civil rights violations, as well as claims of false imprisonment, and assault and battery.  (Doc. 5.)

## DISCUSSION

### A.   *Screening Standard*

"Notwithstanding any filing fee, or any portion thereof, that may have been paid," the Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  *See also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  *Id*. at 678.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.  *Lopez*, at 1128.

---

[1] Plaintiff uses the terms "cause of action" and "count" in the FAC.  As this is a civil action, the Court will refer to Plaintiff's assertions as claims or causes of action, rather than counts.

1    A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*,

2    490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A frivolous claim is based on an

3    inarguable legal conclusion or a fanciful factual allegation. *Id.* A federal court may dismiss a

4    claim as frivolous if it is based on an indisputably meritless legal theory or if the factual

5    contentions are clearly baseless. *Id.*

6    The Court must accept as true the allegations of the complaint in question, *Hospital Bldg.*

7    *Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally

8    in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000),

9    and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

10    A pleading may not simply allege a wrong has been committed and demand relief. The

11    underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

12    "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v.*

13    *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

14    **B.    *Plaintiff's Factual Allegations***

15    Plaintiff alleges that on March 18, 2010, law enforcement officers were called to the

16    home he shared with his wife, Marie Maric (hereafter "Marie"), at 445 S. Argyle Avenue,

17    Apartment 108, in Fresno, California. He contends that Marie admitted attacking and assaulting

18    him, and that Plaintiff did not hit her; nevertheless, Marie was not arrested. Sometime later,

19    Marie called authorities again, indicating she wanted Plaintiff removed from their shared

20    residence. (Doc. 5 at 3-4.)

21    Plaintiff contends once law enforcement personnel arrived following Marie's second call,

22    Plaintiff answered the door. Marie and the couple's two children were sitting on a couch near the

23    front door. When he was asked what was going on, Plaintiff responded that he did not wish to

24    say anything and that he was fine. Despite his statement, and the fact that the officers at the door

25    could see Marie and the two children were unharmed, officers entered the home, pushed Plaintiff

26    against a wall and then pulled him from the apartment. He was then handcuffed. (Doc. 5 at 4-5.)

27

28                                                    3

1    Plaintiff advised the officers that their actions were illegal and that he was aware of his

2    Constitutional rights.  The officers became aggravated and attacked him from behind, knocking

3    him to the ground with their bodies, and causing him injury.  Thereafter, Plaintiff was told by the

4    officers to shut up and to "smoke some more dope."  Before eventually being placed in a patrol

5    car, Plaintiff was forced to stand in his shorts and nightshirt in the cold at night.  A number of

6    firearms were illegally confiscated from the apartment.  Following Plaintiff's arrest, all criminal

7    charges filed against him were eventually dismissed.  (Doc. 5 at 5-6.)

8    **C.**      *Analysis*

9            **Federal Claims**[2]

10    The Civil Rights Act provides as follows:

11            Every person who, under color of [state law] . . . subjects, or causes to be
       subjected, any citizen of the United States . . . to the deprivation of any rights,
12      privileges, or immunities secured by the Constitution . . . shall be liable to the
       party injured in an action at law, suit in equity, or other proper proceedings for
13      redress.

14    42 U.S.C. § 1983 (hereafter "section 1983").

15    Plaintiff was previously cautioned that the statute plainly requires that there be an actual

16    connection or link between the actions of the defendants and the deprivation alleged to have been

17    suffered by the plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978);

18    *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects'

19    another to the deprivation of a constitutional right, within the meaning of section 1983, if he does

20    an affirmative act, participates in another's affirmative acts or omits to perform an act which he

21    is legally required to do that causes the deprivation of which complaint is made."  *Johnson v.*

22    *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

23    

24            [2]Plaintiff notes that John Doe #1 is "perhaps Alvarado #7686"; John Doe #2 is "perhaps Maldonado

25    #2976"; John Doe 3 is "perhaps Robinson #1593"; and John Doe 4 is "perhaps Burk #2999".  Because the United
       States Marshal cannot serve a complaint upon Doe defendants, and because Plaintiff has tentatively identified

26    Alvarado, Maldonado, Robinson and Burk as the involved actors, the Court will assume them to be involved in the
       causes of action wherein they are identified.  In the event Plaintiff subsequently learns another individual was in fact

27    involved, he may seek leave to amend his complaint accordingly at that time.  *See, e.g.*, Fed. R. Civ. P. 15.

28                                                    4

1

***Privacy as Against Alvarado, Maldonado, Robinson & Burk***

2      Plaintiff contends that deputies Alvarado, Maldonado, Robinson and Burk violated his

3  right to privacy by their warrantless, nonconsensual entry into his home, in the absence of exigent

4  circumstances or probable cause.  (*See* Doc. 5 at 7-8, 12, 18, 25.)

5      The Fourth Amendment provides that

6      [t]he right of the people to be secure in their persons, houses, papers, and effects,
       against unreasonable searches and seizures, shall not be violated, and no Warrants
7      shall issue, but upon probable cause, supported by Oath or affirmation, and
       particularly describing the place to be searched, and the persons or things to be
8      seized.

9      The Fourth Amendment protects individuals from all unreasonable searches and seizures

10 and "has drawn a firm line at the entrance to the house." *Payton v. New York*, 445 U.S. 573, 590,

11 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).  Absent probable cause and exigent circumstances, "that

12 threshold may not reasonably be crossed without a warrant."  *Id*.  The exigent circumstances

13 doctrine recognizes that a warrantless entry by law enforcement officials "may be legal when

14 there is compelling need for official action and no time to secure a warrant." *Michigan v. Tyler*,

15 436 U.S. 499, 509, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978).

16      Liberally construing the FAC, as this Court must, Plaintiff has sufficiently stated a cause

17 of action for a violation of his civil rights because he contends that officers had neither a warrant

18 nor consent, and further contends neither exigent circumstances nor probable cause existed, that

19 would allow the officers legal entry into his home.

20

***Seizure as Against Alvarado, Maldonado, Robinson & Burk***

21      Plaintiff contends Deputy Alvarado violated his constitutional right against illegal seizure

22 when the deputy, in the absence of probable cause, warrant, consent or exigent circumstances,

23 seized Plaintiff from his home and subjected him to arrest.  (Doc. 5 at 9-10.)  Additionally,

24 Plaintiff asserts deputies Maldonado, Robinson and Burk similarly violated his constitutional

25 rights, and, in addition, illegally seized his property in the form of a shotgun/or and handgun.

26 (Doc. 5 at 13, 19, 25-26.)

27

28                                            5

1  Liberally construing the FAC, and for purposes of pro se screening, Plaintiff has

2  sufficiently stated a cause of action for a violation of his Fourth Amendment rights against

3  unreasonable seizure.

4  ***Due Process as Against Alvarado, Maldonado, Robinson & Burk***

5  Plaintiff also claims deputies Alvarado, Maldonado, Robinson and Burk violated his due

6  process rights under the Fifth and Fourteenth Amendments. (Doc. 5 at 8-9, 13-14, 20, 26.)

7  The Fifth Amendment provides, in pertinent part, that no person shall "be deprived of

8  life, liberty, or property without due process of law." This is made applicable to the states

9  through the Fourteenth Amendment, which states explicitly: "nor shall any State deprive any

10  person of life, liberty, or property, without due process of law; nor deny to any person within its

11  jurisdiction the equal protection of the laws."  There are two possible forms of a Fourteenth

12  Amendment due process claim:  substantive and procedural.  To state a substantive due process

13  claim, a plaintiff must allege "a state actor deprived [him] of a constitutionally protected life,

14  liberty, or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008).  To state a

15  claim for violation of procedural due process, a plaintiff must allege: (1) a deprivation of a

16  constitutionally protected liberty or property interest, and (2) a denial of adequate procedural

17  protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

18  More specifically, Plaintiff alleges that all four deputies violated his right to due process

19  by "seizing and searching [him] in his home without warrant, probable cause, consent, or exigent

20  circumstances," that no crime was committed in their presence, and that he "was entitled to an

21  impartial Judge determining whether or not [he] should have been seized, searched, and

22  imprisoned."  (Doc. 5 at 8-9, 13-14, 20, 26.)

23  With regard to Plaintiff's Fifth Amendment due process claim, the Ninth Circuit has

24  plainly held that "[t]he Due Process Clause of the Fifth Amendment . . . [applies] only to actions

25  of the federal government - not to those of state or local governments." *Lee v. City of Los*

26  *Angeles*, 250 F.3d 668, 687 (9th Cir. 2001); *see also Bingue v. Prunchak*, 512 F.3d 1169, 1174

27

28  6

1  (9th Cir. 2008) ("The Fifth Amendment's due process clause only applies to the federal

2  government"); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth

3  Amendment prohibits the federal government from depriving persons of due process, while the

4  Fourteenth Amendment explicitly prohibits deprivations without due process by the several

5  States . . ."). Here, Plaintiff's complaint does not assert any claim against the federal

6  government.

7      With regard to Plaintiff's Fourteenth Amendment due process claim, the Supreme Court

8  has held that "state proceedings need to no more than satisfy the minimum procedural

9  requirements of the Fourteenth Amendment Due Process Clause in order to qualify for the full

10  faith and credit guaranteed by federal law." *Kremer v. Chemical Construction Corp.*, 456 U.S.

11  461, 481 (1982). Appropriate safeguards include the right to submit exhibits, present evidence,

12  present the testimony of witnesses, rebut evidence submitted and be assisted by counsel.

13  *Kremer*, 456 U.S. at 483-484. Plaintiff was afforded all of these safeguards during the criminal

14  proceedings in the state superior court. In fact, as Plaintiff avers, all charges were subsequently

15  dismissed on December 16, 2010. (*See* Doc. 5 at 6.) Therefore, Plaintiff cannot establish a

16  denial of adequate procedural protections - the required second element of his claims - and

17  amendment would be futile.

18      For the foregoing reasons, this Court will recommend dismissal of these claims.

19                    ***Excessive Force as Against Robinson***

20      Plaintiff contends Deputy Robinson violated his civil rights by employing excessive force

21  where Plaintiff "offered no physical resistance to any officer before or after being handcuffed,"

22  and that Robinson attacked him from behind while he was handcuffed and knocked him to the

23  ground, causing injuries to his right thumb and arms, and bruising. He contends the force "was

24  so plainly unnecessary and excessive that no reasonable police officer" would act accordingly.

25  (Doc. 5 at 19-20.)

26

27

28                                          7

1    A claim of excessive force in the course of making an arrest may be brought in a section

2  1983 claim.  This claim is properly analyzed under the Fourth Amendment's objective

3  reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L.Ed.2d

4  443 (1989).  This assessment involves determining whether the force was objectively reasonable

5  "in light of the facts and circumstances confronting the officer without regard to the underlying

6  intent or motivation."  *Graham*, at 397.  "'Determining whether the force used to effect a

7  particular seizure is 'reasonable' under the Fourth Amendment requires a balancing of the nature

8  and quality of the intrusion on the individual's Fourth Amendment interests against the

9  countervailing governmental interests at stake.'"  *Gregory v. County of Maui*, 523 F.3d 1103,

10  1106 (9th Cir. 2008) (citing *Graham v. Connor*, 490 U.S. at 396).  The factors the court uses in

11  this analysis are: (1) the severity of the crime at issue; (2) whether a suspect poses an immediate

12  threat to the safety of the officer and others; and (3) whether a suspect resists arrest.  *Graham v.*

13  *Connor*, 490 U.S. at 396; *Arpin v. Santa Clara Valley Transp. Agency*, 261 F. 3d 912, 921 (9th

14  Cir. 2001).  The absence of probable cause of an arrest does not grant an individual the right to

15  offer resistance.  *United States v. Span*, 970 F.2d 573, 580 (9th Cir. 1992).

16    In this case, Plaintiff has adequately described an incident in which he alleges Deputy

17  Robinson used excessive force against him, where Plaintiff contends he was handcuffed and thus

18  presented no immediate threat to the safety of the officers, and further contends that he did not

19  resist arrest.  As such, for purposes of screening the FAC, Plaintiff has adequately stated a claim

20  for excessive force against Defendant Robinson.

21    ***Malicious Prosecution as Against Maldonado & Robinson***

22    Plaintiff contends Defendants Maldonado and Robinson violated his constitutional rights

23  by way of malicious prosecution.  More specifically, Plaintiff asserts that Maldonado and

24  Robinson violated his rights by filing criminal charges against him despite learning that Plaintiff,

25  as a long haul trucker, leaves firearms at home to provide his wife and children with protection

26  when he is absent.  Moreover, Plaintiff contends he had only returned the day of the incident and

27

28                                                   8

thus Maldonado and Robinson did not have legal cause to file charges against him for firearm violations and child endangerment.  Plaintiff asserts Maldonado and Robinson acted with malice. (Doc. 5 at 14-15, 21.)

As Plaintiff was previously advised (*see* Doc. 4 at 6-7), where the state judicial system provides a remedy for malicious prosecution or abuse of process, a claim arising under section 1983 is generally not cognizable.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  As Plaintiff himself admits in the FAC, these charges were "dismissed on 12-16-2010." (Doc. 5 at 6.)  Nevertheless, Plaintiff has expressly asserted that Defendants Maldonado and Robinson directed that charges regarding the illegal possession of firearms and child endangerment be pursued against him, and that those charges were brought without probable cause, and were initiated with malice.  *Freeman v. City of Santa* Ana, 68 F.3d 1180, 1189 (9th Cir. 1995); *Usher v. City of Los Angeles*, 828 F.2d at 562; *Villa v. Cole*, 4 Cal.App.4th 1327, 1335 (1992).

Hence, the Court finds, for purposes of screening the FAC, Plaintiff has stated cognizable claims for malicious prosecution against Defendants Maldonado and Robinson.

**State Law Claims**

Plaintiff asserts a number of state law claims.  Those claims are addressed in turn below.

### *California Constitutional Claims as Against Alvarado, Maldonado, Robinson & Burk*

Plaintiff asserts numerous state constitutional claims against the four named Defendants, including a violation of his right to privacy, to due process, and to be free from seizure.  (Doc. 5 at 9-10, 15-16, 21-23, 26-28.)

Article I, section 1, of the California Constitution provides as follows:

> All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

1    Section 13 of Article I of the California Constitution states:

2           The right of the people to be secure in their persons, houses, papers, and
            effects against unreasonable seizures and searches may not be violated; and a
3           warrant may not issue except on probable cause, supported by oath or affirmation,
            particularly describing the place to be searched and the persons and things to be
4           seized.

5    Section 15 of Article I of the California Constitution pertains to criminal cases, and provides, in

6    relevant part that a criminal defendant may not "be deprived of life, liberty, or property without

7    due process of law."

8           Section 1 does permit a private right of action to enforce the right of privacy.  *See, e.g., In*

9    *re Qawi*, 32 Cal.4th 1, 14, 7 Cal.Rptr.3d 780, 81 P.3d 224 (2004) (considering a claim for

10   violation of the right to privacy under the California Constitution).  The basis for the privacy

11   claim is the officers' "nonconsensual entry into Plaintiff's home absent exigent circumstances or

12   probable cause;" Plaintiff seeks monetary damages in excess of $300,000.00. (*See, e.g.*, Doc. 5

13   at 9.)  Liberally construing Plaintiff's FAC as the Court must for screening purposes, Plaintiff has

14   sufficiently stated a claim for a violation of California Constitution, Article I, section 1.

15          With regard to Plaintiff's section 13 claim, in *Katzberg v. Regents of Univ. Of Cal*, 29

16   Cal.4th 300, 303, 127 Cal.Rptr.2d 482, 58 P.3d 339 (2002), the California Supreme Court noted

17   that no precedential authority exists for recognizing a private right of action in damages for

18   violations of Article 1, section 13 of the California Constitution.  *Katzberg*, 29 Cal.4th at 324.

19   More importantly, courts within this district have consistently held that private plaintiffs cannot

20   assert a claim for damages directly under Article 1, section 13 of the California Constitution.

21   *See, e.g., McClelland v. City of Modesto*, 1:09-CV-01031 AWI DLB, 2009 WL 2941480 (E.D.

22   Cal. Sept. 10, 2009); *Castro v. City of Hanford*, 1:05-CV-01405 LJO DLB, 2008 WL 203344

23   (E.D. Cal. Jan. 22, 2008); *Rendon v. City of Fresno*, 1:05-CV-00661 OWW DLB, 2005 WL

24   3144144 (E.D. Cal. Nov. 23, 2005); *Weimer v. County of Kern*, 1:06-CV-00735 OWW DLB,

25   2006 WL 3834237 (E.D. Cal. Dec. 22, 2006); *Buzayan v. City of Davis Police Dep't*,

26   2:06-CV-01576-MCE-DAD, 2007 WL 2288334 (E.D. Cal.  Aug. 8, 2007).

27

28                                              10

1    Plaintiff's claims under section 15 are also precluded as no private right of action was

2    intended.  *See Reinhardt v. Santa Clara County*, 2006 WL 662741 (N.D. Cal. Mar. 15, 2006), at

3    *8, citing to *Rendon v. City of Fresno*, 2005 WL 3144144 (E.D. Cal. Nov. 23, 2005); *see also*

4    *Weimer v. County of Kern*, 2006 WL 3834237 (E.D. Cal. Dec. 28, 2006).  Accordingly, it will be

5    recommended that Plaintiff's claims based on Article I, sections 13 and 15, of the California

6    Constitution be dismissed.

7              ***Assault & Battery Claims as Against Alvarado, Maldonado & Robinson***

8              Plaintiff contends deputies Alvarado, Maldonado and Robinson assaulted him when they

9    illegally entered Plaintiff's home and "attempted to attack [him] in concert" with one another,

10   knocking him into a wall, then pulling him from his home "while [he] was calling out his

11   Constitutional rights."  (Doc. 5 at 10-11, 17, 23.)

12             As Plaintiff was previously advised, under California law, "[a]n assault is an unlawful

13   attempt, coupled with a present ability, to commit a violent injury on the person of another" and

14   "[a] battery is any willful and unlawful use of force or violence upon the person of another."  5 B.

15   E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).  For an assault claim under

16   California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful

17   or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to

18   carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed;

19   and (5) the defendant's conduct was a substantial factor in causing the harm. *Tekle v. United*

20   *States*, 511 F.3d 839, 855 (9th Cir. 2007).  For battery, a plaintiff must show that (1) the

21   defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's

22   person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage,

23   loss, or harm to the plaintiff.  *Id.*

24             Here, for purposes of screening the FAC, Plaintiff has asserted cognizable claims for

25   assault and battery against Defendants Alvarado, Maldonado and Burk.  Plaintiff contends that

26   the Defendants, while in uniform and armed, knocked him into a wall and pulled him from his

27

28                                          11

home, after entering Plaintiff's home in the absence of consent, a warrant, probable cause or exigent circumstances, and that he suffered harm as a result.

### *False Imprisonment as Against Alvarado, Maldonado & Burk*

Plaintiff asserts false imprisonment claims against deputies Alvarado, Maldonado and Burk.  (Doc. 5 at 11, 17, 24.)

Plaintiff was previously advised that the elements "of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hospital*, 80 Cal.App.4th 484, 496 (2000) (citation omitted).  Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'"  *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 757 (1997)).  False arrest is not a different tort.  *Id*.  Rather, "'it is merely one way of committing a false imprisonment.'"  *Id.*  "There are two bases for claiming false imprisonment:  imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer."  *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).

Here, for purposes of screening the FAC, the Court finds that Plaintiff has sufficiently pled claims for false imprisonment where he claims Defendants Alvarado, Maldonado and Burk acted without legal justification by surrounding him and confining him in his home before forcibly removing him and transporting him to the county jail where he was illegally detained overnight.  (Doc. 5 at 11, 17, 24.)

### D.    *Fresno County*

Despite "Fresno County" and the "Fresno County Sheriff Department" being named as defendants in the caption on the first page of the FAC, Plaintiff has failed to assert any causes of action or claims against either Fresno County or the sheriff's department specifically.  (*See* Doc. 5.)

Plaintiff was previously and expressly advised that a local government unit may not be

1   held liable for the acts of its employees under a respondeat superior theory.  (*See* Doc. 4 at 8-9.)

2   Instead, he must go beyond the respondeat superior theory and demonstrate the alleged

3   constitutional violation was the product of a policy or custom of the local governmental unit.

4   Here, because Plaintiff failed to demonstrate that the constitutional violations he alleges were the

5   product of a policy or custom of Fresno County, or even the Fresno County Sheriff's Department,

6   he has failed to state a claim or claims against either.

7       Therefore, it will be recommended that named Defendants "Fresno County" and "Fresno

8   County Sheriff Department" be dismissed from the FAC.

9       **E.    *Miscellaneous***

10      Plaintiff's FAC also makes reference to Title 42 of the United States Code sections 1985,

11  1986 and 1988.  (*See* Docs. 5 at 7, 12, 18, 24.)

12      Plaintiff was previously provided various legal standards related to the causes of action

13  for conspiracy.  (*See* Doc. 4 at 9-10.)  Nevertheless, Plaintiff's FAC fails to assert any specific

14  claim of conspiracy, against any defendant.  Plaintiff has already been provided an opportunity to

15  amend his complaint, and was expressly warned that "an amended complaint supercedes the

16  original complaint, and must be 'complete in itself . . ..'" (*See* Doc. 4 at 14.)

17      In this case, Plaintiff has made no effort to allege the existence of any agreement or

18  meeting of the minds sufficient to constitute a conspiracy or violate a constitutional right.  *Avalos*

19  *v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010.)  Moreover, he has not asserted a conspiracy existed

20  for the purpose of depriving any person or class of persons of the equal protection of the laws, or

21  equal privileges and immunities thereto, nor has he identified an act in furtherance of any

22  conspiracy, resulting in an injury.  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.

23  1992).  Because mere conclusory statements and legal conclusions are insufficient, and because a

24  complaint may not simply allege a wrong has been committed and demand relief, particularly

25

26

27

28                                    13

where Plaintiff has already been afforded an opportunity to amend his complaint, this Court finds that Plaintiff has failed to state any claims concerning conspiracy, as against any defendant.

## RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS as follows:

1. The following allegations by Plaintiff may proceed as the claims are sufficiently pled for purposes of pro se screening:

   a. Fourth Amendments claims of violations of privacy and seizure against Defendants Alvarado, Maldonado, Robinson and Burk, excessive force as against Defendant Robinson, and malicious prosecution as against Defendants Maldonado and Robinson;

   b. Claims concerning violations of Article I, section 1, of the California Constitution claims as against Defendants Alvarado, Maldonado, Robinson and Burk;

   c. State law assault and battery claims against Defendants Alvarado, Maldonado and Robinson;

   d. State law false imprisonment claims against Defendants Alvarado, Maldonado and Burk;

2. The following allegations by Plaintiff may not proceed as they fail to state a claim upon which relief can be granted, and therefore should be dismissed:

   a. Due process claims against Defendants Alvarado, Maldonado, Robinson and Burk;

   b. Claims concerning violations of Article I, sections 13 and 15, of the California Constitution pertaining to Defendants Alvarado, Maldonado, Robinson and Burk;

3. This Court finds and recommends that Fresno County and the Fresno County Sheriff's Department should be dismissed as named defendants; and,

14

1

        4.       This Court finds that Plaintiff has failed to state a claim or claims for conspiracy

2

as against any Defendant.

3

     These findings and recommendations are submitted to District Judge Lawrence J. O'Neill

4

pursuant to the provisions of Title 28 of the United States Code section 636(b)(l).  Plaintiff may

5

file written objections with the Court no later than thirty (30) days from the date of these

6

findings.  The document should be captioned "Objections to Magistrate Judge's Findings and

7

Recommendations."  Plaintiff is advised that failure to file objections within the specified time

8

may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

9

1991).  Finally, in the event Plaintiff does not object, his case will proceed only as to those

10

claims identified under number 1 above.

11

12

     IT IS SO ORDERED.

13

  **Dated:**    __July 31, 2012__          __/s/ **Gary S. Austin**__

14

                           UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28