1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MARIC, | ) 1:12cv102  LJO GSA |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) **SECOND INFORMATIONAL ORDER** |
| v. | ) |
| | ) |
| FRESNO COUNTY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
|_____| ) |

Parties to this litigation shall take note of the following requirements:

1.  Defendants must reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

2.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 110 shall be briefed pursuant to Local Rule 230.

3.  At some point in the litigation, defendants may file a motion to dismiss this action on any number of grounds. Plaintiff is advised that he/she has the right to oppose the motion in writing. Written oppositions must be filed not more than 14 days, plus 3 days for mailing, prior to the noticed hearing date. Local Rule 230(c) provides that no party will be

1  entitled to be heard in opposition to the motion at oral arguments if opposition to the motion has

2  not been timely filed.  Local Rule 230(c).

3       4.   At some point in the litigation, the defendant(s) may move for summary

4  judgment as to some or all of plaintiff's claims. The Court hereby notifies Plaintiff of the

5  following rights and requirements for opposing the motion:

6       a.  Unless otherwise ordered, all motions for summary judgment are briefed pursuant to

7  Local Rule 230(c).

8       b.  Plaintiff is required to file an opposition or a statement of non-opposition to

9  Defendants' motion for summary judgment.  Local Rule 230(c).

10       c.  A motion for summary judgment is a request for judgment on some or all of Plaintiff's

11  claims in favor of Defendants without trial. Fed. R. Civ. P. 56(a).  Defendants' motion sets forth

12  the facts which they contend are not reasonably subject to dispute and that entitle them to

13  judgment as a matter of law.  Fed. R. Civ. P. 56(c).  This is called the Statement of Undisputed

14  Facts.  Local Rule 260(a).

15       Plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion,

16  Plaintiff must show proof of his or her claims.  Plaintiff may agree with the facts set forth in

17  Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law.

18       In the alternative, if Plaintiff does not agree with the facts set forth in Defendants'

19  motion, he/she may show that Defendants' facts are disputed in one or more of the following

20  ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint

21  or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge

22  of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or

23  opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth

24  the facts which Plaintiff believes prove his claims;[1] (3) Plaintiff may rely upon written records

25

26       [1]A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are

27  based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement
    is competent to testify.  28 U.S.C.  § 1746; Fed. R. Civ. P. 56(c)(4).  A declaration must be dated and signed under

28  penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true
    and correct.  Executed on (date). (Signature)."  28 U.S.C. § 1746.

but Plaintiff must prove that the records are what he claims they are;[2] or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should Plaintiff fail to contradict Defendants' motion with declarations or other evidence, Defendants' evidence will be taken as truth, and final judgment may be entered without a full trial.  Fed. R. Civ. P. 56(e).

In opposing Defendants' motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed.  If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document).  Local Rule 260(b).  Plaintiff should also consult any scheduling order issued to determine if a joint statement of undisputed facts is required by the judge.  If a joint statement of undisputed facts is required, Plaintiff will be required to consult with the defendant to identify those facts that are undisputed by both parties.

d.  If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of Defendants' motion.  Fed. R. Civ. P. 56(d).  Any request to postpone consideration of Defendants' motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment.  Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006);  State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment.  Blough, 574 F.3d at 1091 n.5; Tatum, 441 F.3d at 1100-01; Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

---

[2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party.  Fed. R. Civ. P. 56(e).

1  e.  Unsigned declarations will be stricken, and declarations not signed under

2  penalty of perjury have no evidentiary value.

3  6.  The failure of any party to comply with this order, the Federal Rules of Civil

4  Procedure, or the Local Rules of the Eastern District of California may result in the imposition of

5  sanctions including but not limited to dismissal of the action or entry of default.

6

7

8  IT IS SO ORDERED.

9  **Dated:**   **September 24, 2012**            _____ **/s/ Gary S. Austin** _____

10                                 UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28