UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MARIC,<br><br>                    Plaintiff,<br><br>          v.<br><br>FRESNO COUNTY, et al.,<br><br>                    Defendants. | 1:12-cv-00102-LJO-GSA<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>(Docs. 43, 49) |

## I. INTRODUCTION

Pro se plaintiff Dennis Maric ("Mr. Maric") filed a civil rights action against Fresno County Deputy Sheriffs Jon Alvarado ("Deputy Alvarado"), Todd Burk ("Deputy Burk"), John Robinson ("Deputy Robinson"), and Fernando Maldonado ("Deputy Maldonado") for incidents that occurred during the deputies' response to a domestic violence call.  Now before the Court are the parties' cross motions for summary judgment.  For the reasons discussed below, this Court DENIES Mr. Maric's motion and GRANTS in part and DENIES in part defendants' motion.

## II. BACKGROUND

**A. Facts**

On March 18, 2010, at 11:51 p.m., Mary Maric ("Ms. Maric") called 911 and told the dispatcher that her husband Mr. Maric was drunk, breaking property, and that she feared for her life.  A dispatcher contacted defendant deputies and told them that Mr. Maric was drunk, breaking property, and that Ms. Maric wanted him removed from the premises.

**1. Defendants' Version of Events**

According to defendants, when Deputies Robinson, Alvarado, and Maldonado arrived at the Maric's home Mr. Maric answered the door. Deputy Robinson asked Mr. Maric to step out of the apartment several times but Mr. Maric refused and repeatedly stated that the deputies were violating his "God given rights." Deputies Robinson and Alvarado could see Ms. Maric and two children sitting on the couch behind Mr. Maric. The children were clinging to Ms. Maric with frowns on their faces and Ms. Maric was not speaking. After Mr. Maric's repeated refusals to exit the apartment, Deputies Maldonado and Robinson entered the apartment, grabbed Mr. Maric's arms, and escorted him out. Mr. Maric struggled with the deputies while they escorted him out.

After Mr. Maric was removed from the apartment, Deputy Robinson stayed outside with him while Deputy Maldonado returned to the apartment to interview Ms. Maric. During Ms. Maric's interview she told Deputy Maldonado that she and Mr. Maric began fighting after she locked him out of their bedroom. She explained that she, Mr. Maric, and their two children were in bed together when Mr. Maric got up to use the restroom. When Mr. Maric got up, Ms. Maric locked the bedroom door because Mr. Maric was drunk and she did not want him sleeping with the children while intoxicated. When Mr. Maric returned and realized that the door was locked, he started yelling at Ms. Maric and eventually forced the door open. Once Mr. Maric forced the door open, Ms. Maric elbowed him in the back in order to exit the bedroom. Ms. Maric further explained that she immediately called 911 because she feared that Mr. Maric would hit her.

Ms. Maric also told Deputy Maldonado that Mr. Maric has a concealed weapons' permit and that his handgun was in a top dresser drawer and that there was a shotgun beneath the mattress. Ms. Maric asked the deputies to remove the firearms because she feared that Mr. Maric might use them against her and the children. Deputy Burk found a loaded handgun in the top drawer of a dresser in the living room. Deputy Maldonado located a loaded shotgun under the mattress in the bedroom. The deputies confiscated both weapons. During the search, Deputy Maldonado observed a crack on the bedroom doorframe.

Outside, Deputy Robinson handcuffed Mr. Maric who continued to struggle. When Deputy Robinson asked Mr. Maric to sit down, Mr. Maric refused and yelled that his constitutional rights were being violated. Deputy Alvarado observed that Mr. Maric was not standing still and made a movement

which he interpreted as an effort to get past Deputy Robinson and back into the apartment.

After Mr. Maric refused to sit down, Deputy Robinson grabbed both of Mr. Maric's shoulders, executed a leg sweep, and forced Mr. Maric to the ground. For approximately twenty minutes, Mr. Maric continued to be agitated and refused to provide basic identifying information. At one point, he attempted to stand up and Deputy Robinson told him to stay seated and pushed down on his shoulders. Due to Mr. Maric's refusal to cooperate, Deputy Robinson eventually stopped talking to him.

**2. Plaintiff's Version of Events**

According to Mr. Maric, when he answered the door he spoke to defendants in a calm manner. When defendants repeatedly asked him to exit the apartment, he refused and kept stating that they were violating his God given rights. Defendants then knocked him backwards and "yanked" him from his home. Once outside, Mr. Maric did not struggle with defendants and defendants did not ask him to sit down. Mr. Maric also disputes the fact that he attempted to return to the apartment. Mr. Maric agrees that Deputy Robinson grabbed his shoulders and leg-swept him to the ground and that he initially landed on his buttocks but then rolled over onto his side.

**B. Procedural History**

On January 23, 2012, Mr. Maric filed a pro se complaint with this Court. The Court dismissed his complaint with leave to amend. Mr. Maric then filed a first amended complaint which was screened and resulted in various claims against Deputies Alvarado, Burk, Maldonado, and Robinson. Mr. Maric alleges federal and state warrantless entry claims and a Fourth Amendment seizure claim. He also alleges excessive force, malicious prosecution, assault and battery, and false imprisonment claims. Pending before the Court are the parties' cross motions for summary judgment. This Court found the motions suitable for a decision without oral argument, pursuant to Local Rule 230(g), and vacated the January 23, 2014, hearing date.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

1  dispute is genuine if the evidence is such that a reasonable trier of fact could return a verdict in favor of
2  the nonmoving party.  *Id.*

3      A party seeking summary judgment "always bears the initial responsibility of informing the
4  district court of the basis for its motion, and identifying those portions of the pleadings, depositions,
5  answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes
6  demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317,
7  323 (1986) (internal quotation marks omitted).  Where the movant will have the burden of proof on an
8  issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than
9  for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  "On an
10  issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail
11  merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.*
12  (citing *Celotex*, 477 U.S. at 323).

13      If the movant has sustained its burden, the nonmoving party must "show a genuine issue of
14  material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v.*
15  *Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original).  The nonmoving party must go
16  beyond the allegations set forth in its pleadings. *See* Fed. R. Civ. P. 56(c).  "[B]ald assertions or a
17  mere scintilla of evidence" will not suffice.  *Stefanchik*, 559 F.3d at 929.  Indeed, the mere presence of
18  "some metaphysical doubt as to the material facts" is insufficient to withstand a motion for summary
19  judgment. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "Where
20  the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there
21  is no 'genuine issue for trial.'"  *Id.* at 587 (citation omitted).

22      In resolving a summary judgment motion, "the court does not make credibility determinations
23  or weigh conflicting evidence."  *Soremekun*, 509 F.3d at 984.  Rather, "[t]he evidence of the
24  [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor."
25  *Anderson*, 477 U.S. at 255.  Inferences, however, are not drawn out of the air; the nonmoving party
26  must provide a factual predicate from which the inference may justifiably be drawn.  *See Richards v.*
27  *Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

28  **IV. DISCUSSION**

**A. Fourth Amendment: Warrantless Entry Claim**

**1. Defendant's Motion for Summary Judgment**

Defendants contend that they are entitled to summary judgment on Mr. Maric's Fourth Amendment warrantless entry claim because probable cause and exigent circumstances existed.

The Fourth Amendment protects individuals from all unreasonable searches and seizures and "has drawn a firm line at the entrance to the house." *Payton v. New York*, 445 U.S. 573, 590 (1980). "Searches and seizures inside a home without a warrant are presumptively unreasonable." *Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009) (internal quotation marks omitted). However, there is an exigent circumstances exception to the warrant requirement. *Id.* "When the government relies on the exigent circumstances exception, it . . . must satisfy two requirements: first, the government must prove that the officer had probable cause to search the house; and second, the government must prove that exigent circumstances justified the warrantless intrusion." *Id.* at 766-67 (internal quotation marks omitted).

**a. Probable Cause**

Defendants argue that their entry was justified because they had probable cause to believe that Mr. Maric violated California Penal Code § 273a(b), willfully causing a child to suffer emotional distress.

A "parent may be convicted of misdemeanor child endangerment under section [273a(b)] by engaging in serious domestic violence against the other parent while aware that his or her child is at the scene." *People v. Burton*, 143 Cal. App. 4th 447, 450 (2006). The statute "encompasses a wide variety of situations and includes both direct and indirect conduct." *Id.* at 454. "Officers have probable cause for a search when the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Hopkins*, 573 F.3d at 767 (internal quotation marks omitted).

Here, defendants had probable cause to believe that Mr. Maric violated California Penal Code § 273a(b). It is undisputed that it was close to midnight when dispatch told defendants that Mr. Maric was drunk, breaking property, and that his wife wanted him removed from the premises. (Doc. 45 ¶ 3; Doc. 50 ¶ 1). Once defendants arrived at the scene, Deputy Robinson repeatedly asked Mr. Maric to

exit the apartment but he refused and continually stated that the deputies were violating his God given rights.  (Doc. 50 ¶ 2, 5).  During this exchange, Ms. Maric sat silently on the couch.  (Doc. 45 ¶ 6; Doc. 50 ¶ 8).  All of this occurred in front of the children who were clinging to Ms. Maric with frowns on their faces.[1]  (Doc. 45 ¶ 6).  The undisputed facts show that defendants arrived on the scene close to midnight knowing that Ms. Maric wanted Mr. Maric removed from the home.  Mr. Maric refused to comply with their requests to exit the home and this exchange occurred in front of the children who showed signs of discomfort by frowning and clinging to their mother.  Therefore, the known facts would lead a reasonable person to believe that Mr. Maric engaged in a domestic dispute with Ms. Maric while aware that his children were present.

**b. Exigent Circumstances**

When the government relies on the exigent circumstances exception to the Fourth Amendment, the government must not only establish probable cause but must also prove that "exigent circumstances justified the warrantless intrusion."  *Hopkins*, 573 F.3d at 767.  "The exigent circumstances exception is premised on few in number and carefully delineated circumstances in which the exigencies of the situation make the needs of law enforcement so compelling that the warrantless [entry] is objectively reasonable under the Fourth Amendment."  *United States v. Struckman*, 603 F.3d 731, 743 (9th Cir. 2010) (internal quotation marks and citations omitted).  "Exigent circumstances are defined to include those circumstances that would cause a reasonable person to believe that entry . . . was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts."  *Fisher v. City of San Jose*, 558 F.3d 1069, 1075 (9th Cir. 2009) (en banc) (internal quotation marks omitted).  "The government bears the burden of showing specific and articulable facts to justify the finding of exigent circumstances."  *United States v. Ojeda*, 276 F.3d 486, 488 (9th Cir. 2002) (per curiam).

"[A]n exigency related to a misdemeanor will seldom, if ever, justify a warrantless entry into the home."  *Struckman*, 603 F.3d at 745.  However, the Ninth Circuit has recognized that "the

---

[1] In Mr. Maric's "Admission and Denial of Defendant's Undisputed Facts" he first disputes the fact that the children were clinging to Mary with frowns on their faces (Doc. 50, ¶ 7) but later admits that when he answered the door, he did not turn or go back toward the children so he could not say whether they were frowning (Doc. 50, p. 7:10-13).

1 │ exigencies of domestic abuse cases present dangers that, in an appropriate case, may override

2 │ considerations of privacy." *United States v. Black*, 482 F.3d 1035, 1040 (9th Cir. 2007).

3 │     Defendants contend that exigent circumstances justified their warrantless intrusion. This Court

4 │ agrees. As discussed above, it is undisputed that dispatch told defendants that Mr. Maric was drunk,

5 │ breaking property, and that his wife wanted him removed from the premises. (Doc. 45 ¶ 3; Doc. 50 ¶

6 │ 1). Once defendants arrived at the scene, Mr. Maric refused to comply with the deputies' requests to

7 │ exit the apartment. (Doc. 45 ¶ 6; Doc. 50 ¶ 2). In addition, defendants could see Ms. Maric and the

8 │ couple's two children sitting on the couch behind Mr. Maric. (Doc. 45 ¶ 6; Doc. 50 ¶ 6). All three

9 │ appeared upset and Ms. Maric was not saying anything. (Doc. 45 ¶ 6; Doc. 50 ¶ 8, p. 7:10-13). Based

10 │ on the totality of the circumstances, a reasonable officer could conclude that Ms. Maric and her

11 │ children were in danger and that there was an immediate need to diffuse the situation by removing Mr.

12 │ Maric from the premises.

13 │     Defendants' motion for summary judgment on Mr. Maric's Fourth Amendment warrantless

14 │ entry claim is GRANTED.

15 │ **2. Plaintiff's Motion for Summary Judgment**

16 │     Mr. Maric contends that he is entitled to summary judgment on his Fourth Amendment

17 │ warrantless entry claim because defendants are unable to show that probable cause or exigent

18 │ circumstances justified their warrantless intrusion into his home.

19 │     Mr. Maric argues that probable cause did not exist because uncorroborated allegations by an

20 │ eyewitness or victim are not enough to establish probable cause. As discussed above, defendants had

21 │ probable cause to believe that Mr. Maric violated California Penal Code § 273a(b) based on the

22 │ information they received from dispatch, Mr. Maric's behavior when they arrived at the scene, and Ms.

23 │ Maric and the children's response to Mr. Maric's behavior. Accordingly, defendants' probable cause

24 │ determination was based on more than an uncorroborated allegation.

25 │     Mr. Maric also contends that an exigency related to a misdemeanor will seldom, if ever, justify

26 │ a warrantless entry into a home. Mr. Maric is correct. *Struckman*, 603 F.3d at 745. However, the

27 │ Ninth Circuit has recognized that "the exigencies of domestic abuse cases present dangers that, in an

28 │ appropriate case, may override considerations of privacy." *Black*, 482 F.3d at 1040.

7

1  Plaintiff's motion for summary judgment on his Fourth Amendment warrantless entry claim is

2  DENIED.

3  **B. State Warrantless Entry Claim**

4  Defendants contend that they are entitled to summary judgment on Mr. Maric's state law

5  warrantless entry claim under article I, section 1 of the California Constitution for the same reasons

6  that they are entitled to summary judgment on his Fourth Amendment warrantless entry claim.

7  "[I]n the search and seizure context, the article I, section 1, privacy clause of the California

8  Constitution has never been held to establish a broader protection than that provided by the Fourth

9  Amendment of the United States Constitution." *Sanchez v. County of San Diego*, 464 F.3d 916, 930

10  (9th Cir. 2006) (internal quotation marks omitted).  Thus, defendants are entitled to summary judgment

11  on Mr. Maric's state law warrantless entry claim for the same reasons that they are entitled to summary

12  judgment on Mr. Maric's Fourth Amendment warrantless entry claim. *See* Section IV.A.1, *supra*.

13  Defendants' motion for summary judgment on Mr. Maric's claim under article I, section 1 of

14  the California Constitution is GRANTED.  For the same reasons, plaintiff's motion for summary

15  judgment on his claim under article I, section 1 of the California Constitution is DENIED.

16  **C. Fourth Amendment Seizure Claims**

17  **1. Defendants' Motion for Summary Judgment**

18  Defendants argue that they are entitled to summary judgment on Mr. Maric's Fourth

19  Amendment seizure claims because the seizure of his firearms and person was not unreasonable.

20  **a. Firearms**

21  "[S]eizures inside a home without a warrant are presumptively unreasonable." *United States v.*

22  *Martinez*, 406 F.3d 1160, 1163 (9th Cir. 2005) (internal quotation marks omitted).  However, an

23  exception to the warrant requirement is the emergency doctrine. *Hopkins*, 573 F.3d at 763.   The

24  emergency doctrine "stems from the police officers' 'community caretaking function' and allows them

25  'to respond to emergency situations' that threaten life or limb." *Id*. (quoting *United States v.*

26  *Cervantes*, 219 F.3d 882, 889 (9th Cir. 2000)).  In applying the emergency doctrine, it must be

27  determined whether, "(1) [in light of] the totality of the circumstances, law enforcement had an

28  objectively reasonable basis for concluding that there was an immediate need to protect others or

themselves from serious harm; and (2) [whether] the search's scope and manner were reasonable to meet the need." *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008). "[T]he Government bears the burden of demonstrating that the search at issue meets these parameters." *United States v. Stafford*, 416 F.3d 1068, 1074 (9th Cir. 2005).

Defendants had an objectively reasonable basis for concluding that there was an immediate need to protect Ms. Maric and her children. It is undisputed that dispatch told defendants that Mr. Maric was drunk, breaking property, and that his wife wanted him removed from the premises. (Doc. 45, ¶ 3; Doc. 50 ¶ 1). Ms. Maric told Deputy Maldonado that Mr. Maric, in October 2009, held a handgun against his chest and told her that if she ever called the cops on him, he would have a shootout with the police.[2] (Doc. 45 ¶ 14). Ms. Maric also told Deputy Maldonado that she feared for her and her children's safety because she believed that Mr. Maric would hurt her and the children with the guns in the apartment. (Doc. 45 ¶ 16). Ms. Maric then requested that defendants remove the weapons from the home. (Doc. 45 ¶ 16; Doc. 50 ¶ 35). Mr. Maric's prior threats and volatile behavior coupled with Ms. Maric's fear would lead a reasonable law enforcement officer to conclude that the temporary seizure of the firearms was necessary to protect Ms. Maric and her children.

In addition, the scope and manner of the search was reasonable. Ms. Maric told defendants that there was a handgun in the living room drawer and a rifle underneath the bottom mattress where she and the children slept. (Doc. 40 ¶ 7). Deputy Burk located a dresser in the living room, opened the top drawer, and located a loaded handgun. (Doc. 47 ¶ 5-6). Deputy Maldonado removed the loaded shotgun from underneath the bed. (Doc. 40 ¶ 9). Thus, the scope and manner of the search was reasonable.

**b. Person**

"The Fourth Amendment protects against warrantless arrest inside a person's home in the same fashion that it protects against warrantless searches of the home." *Hopkins*, 573 F.3d at 773. Thus, "police officers may not execute a warrantless arrest in a home unless they have both probable cause and exigent circumstances." *Id*.

---

[2] Mr. Maric disputes the fact that he held a gun to his chest and said that he would have a shootout with the police (Doc. 50 ¶ 24) but does not dispute the fact that Ms. Maric *told* Deputy Maldonado that Mr. Maric held a gun to his chest and said that he would have a shootout with the police.

1    Defendants contend that they are entitled to summary judgment on Mr. Maric's Fourth

2  Amendment seizure/unlawful arrest claim for the same reasons that they are entitled to summary

3  judgment on his Fourth Amendment warrantless entry claim.  This Court agrees.  As discussed above,

4  defendants had probable cause to believe that Mr. Maric violated California Penal Code § 273a(b),

5  willfully causing a child to suffer emotional distress.  *See* Section IV.A.1.a, *supra*.   In addition,

6  exigent circumstances existed given the need to protect Ms. Maric and her children.  *See* Section

7  IV.A.1.b, *supra*.  Thus, Mr. Maric's warrantless arrest did not violate the Fourth Amendment because

8  it was supported by probable cause and exigent circumstances.

9    Defendants' motion for summary judgment on Mr. Maric's Fourth Amendment seizure claims

10  is GRANTED.

11  **2. Plaintiff's Motion for Summary Judgment**

12  **a. Firearms**

13    Mr. Maric contends that he is entitled to summary judgment on his Fourth Amendment seizure

14  claim as it relates to the seizure of his firearms because although defendants claim that Ms. Maric

15  consented to a search of their home, Mr. Maric objected to the search.

16    A warrantless search is unconstitutional unless it falls under an exception to the warrant

17  requirement.  *United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009).  Consent constitutes one such

18  exception.  *Id*. at 415.  The emergency doctrine constitutes another exception.  *Hopkins*, 573 F.3d at

19  763.  Defendants' seizure of Mr. Maric's firearms fell under the emergency doctrine exception to the

20  warrant requirement.  *See* Section IV.C.1.a, *supra*.  Thus, whether Mr. Maric objected to the search is

21  irrelevant.  *See Georgia v. Randolph*, 547 U.S. 103, 118 (2006) (recognizing that an officer may

22  lawfully enter over objection in order to provide protection to the victim of a domestic dispute).

23  **b. Person**

24    Mr. Maric asserts that he is entitled to summary judgment on his Fourth Amendment

25  seizure/unlawful arrest claim because under California Penal Code § 840 an arrest for the commission

26  of a misdemeanor cannot be made between the hours of 10:00 p.m. and 6:00 a.m.

27    California Penal Code § 840 provides that an arrest for the commission of a misdemeanor

28  cannot be made between the hours of 10:00 p.m. and 6:00 a.m.  However, there are several exceptions

1   to this rule.  One such exception is if "[t]he officer has probable cause to believe that the person to be

2   arrested has committed a public offense in the officer's presence."  Cal. Pen. Code § 836(a)(1).

3         Here, defendants had probable cause to believe that Mr. Maric committed a public offense in

4   their presence because Mr. Maric resisted, delayed, or obstructed a peace officer by repeatedly refusing

5   to exit the apartment.  (Doc. 50 ¶ 2, 5).  Mr. Maric's refusal to exit the apartment prevented defendants

6   from interviewing Ms. Maric who sat silently while defendants tried to get Mr. Maric to exit the

7   apartment.  (Doc. 50 ¶ 8).  Resisting, delaying, or obstructing a peace officer is a public offense.  *See*

8   Cal. Pen. Code § 15(2) & (3) (defining "public offense" as a violation of the law for which a person

9   may be imprisoned or fined); § 148(a)(1) (stating that an individual who resists, delays, or obstructs a

10  peace officer in the discharge of his duties shall be punished by a fine or imprisonment or both).  In

11  addition, the offense occurred in front of defendants.  Thus, defendants did not violate California Penal

12  Code § 840.

13        Plaintiff's motion for summary judgment on his Fourth Amendment seizure claims is DENIED.

14  **D. Excessive Force**

15        Defendants assert that they are entitled to summary judgment on Mr. Maric's excessive force

16  claim because Deputy Robinson acted reasonably under the circumstances when he leg swept Mr.

17  Maric to the ground.  Mr. Maric contends that he is entitled to summary judgment because Deputy

18  Robinson's actions were not objectively reasonable.

19        "A claim against law enforcement officers for excessive force is analyzed under the Fourth

20  Amendment's 'objective reasonableness' standard."  *Arpin v. Santa Clara Valley Transp. Agency*, 261

21  F.3d 912, 921 (9th Cir. 2001).  "Determining whether the force used to effect a particular seizure is

22  reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the

23  intrusion on the individual's Fourth Amendment interests against the countervailing governmental

24  interests at stake."  *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks omitted).

25  The factors the court uses in this analysis are: (1) the severity of the crime at issue; (2) whether a

26  suspect poses an immediate threat to the safety of the officer or others; and (3) whether the suspect is

27  actively resisting arrest.  *Gregory v. County of Maui*, 523 F.3d 1103, 1106 (9th Cir. 2008).  "Because

28  such balancing nearly always requires a jury to sift through disputed factual contentions, and to draw

1   inferences therefrom . . . summary judgment . . . should be granted sparingly in cases involving claims

2   of excessive force." *Id.*

3       There are several disputed facts that preclude summary judgment on Mr. Maric's excessive

4   force claim.  It is undisputed that once defendants removed Mr. Maric from the apartment and

5   handcuffed him that Deputy Robinson grabbed Mr. Maric's shoulders and leg swept him to the ground.

6   (Doc. 45 ¶ 23; Doc. 50 ¶ 43).  However, the facts leading to the leg sweep are in dispute.

7       According to defendants, as Deputies Maldonado and Robinson walked Mr. Maric from inside

8   the apartment toward the door, he struggled with them by twisting and turning while they held his

9   arms.  (Doc. 45 ¶ 22).  Once handcuffed, Mr. Maric continued to struggle for several minutes and was

10  extremely irate.  (*Id.*).  When Deputy Robinson asked Mr. Maric to sit down several times he refused

11  and instead yelled about his constitutional rights.  (*Id.*).  Defendants also allege that Mr. Maric shifted

12  from foot to foot and made a movement toward the apartment.  (*Id.*).

13      According to Mr. Maric, he did not struggle with Deputies Maldonado and Robinson as they

14  escorted him out of his apartment.  (Doc. 50 ¶ 38).  He did not struggle with Deputy Robinson after he

15  was handcuffed and was not irate.  (Doc. 50 ¶ 40).  Mr. Maric also disputes the fact that Deputy

16  Robinson asked him to sit down several times and that he tried to get back into the apartment.  (Doc.

17  50 ¶ 41-42).  According to Mr. Maric, he asked Deputy Robinson if the Deputy wanted him to sit on

18  the stairs and then requested to sit in the patrol car so his children would not see him in handcuffs.

19  (Doc. 50, p. 9:21-25).  If the jury believes defendants, the jury may conclude that Deputy Robinson

20  acted reasonably in executing the leg sweep.  If the jury believes Mr. Maric, the jury may reach the

21  opposite conclusion.  Accordingly, there is a genuine dispute of material fact.

22      Defendants' motion for summary judgment on Mr. Maric's excessive force claim is DENIED.

23  For the same reasons, plaintiff's motion for summary judgment on his excessive force claim is

24  DENIED.

25  **E. Malicious Prosecution**

26      Defendants contend that they are entitled to summary judgment on Mr. Maric's malicious

27  prosecution claim against Deputies Maldonado and Robinson because probable cause existed to

28  prosecute him.

1    "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the

2    defendants prosecuted him with malice and without probable cause, and that they did so for the

3    purpose of denying him equal protection or another specific constitutional right." *Awabdy v. City of*

4    *Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal quotation marks omitted). "Malicious

5    prosecution actions are not limited to suits against prosecutors but may be brought . . . against other

6    persons who have wrongfully caused the charges to be filed." *Id*.

7    "Probable cause for the initiation of a criminal prosecution exists where it was objectively

8    reasonable for the defendant to suspect the plaintiff had committed a crime." *Roberts v. McAfee, Inc.*,

9    660 F.3d 1156, 1164 (9th Cir. 2011) (internal quotation marks omitted). "Whether probable cause

10   existed on the facts known to the defendant is a question of law for the court.  What facts the defendant

11   knew is an issue of fact for the jury, but only to the extent the scope of the defendant's knowledge is

12   disputed." *Id*. (internal citations omitted).

13   Defendants are entitled to summary judgment on Mr. Maric's malicious prosecution claim

14   because the undisputed facts show that Deputies Maldonado and Robinson had probable cause to arrest

15   Mr. Maric for resisting, delaying or obstructing a peace officer, in violation of California Penal Code §

16   148(a).  Mr. Maric repeatedly refused to comply with Deputy Robinson's requests to exit the

17   apartment which prevented defendants from interviewing Ms. Maric.  (Doc. 50 ¶ 2, 5).  In addition,

18   once defendants removed Mr. Maric from the apartment he refused to give basic identifying

19   information about himself.  (Doc. 45 ¶ 24; Doc. 50 ¶ 48).

20   The undisputed facts also show that defendants had probable cause to arrest Mr. Maric for

21   willfully causing a child to suffer emotional distress, in violation of California Penal Code § 273a(b).

22   First, dispatch told defendants that Mr. Maric was drunk, breaking property, and that his wife wanted

23   him removed from the premises.  (Doc. 45, ¶ 3; Doc. 50 ¶ 1).  Second, when Ms. Maric locked Mr.

24   Maric out of their bedroom at 11:30 p.m., he forced the door open knowing that his two children were

25   inside with their mother.  (Doc. 45 ¶ 11-12; Doc. 50 ¶ 13, 16).  The force Mr. Maric used was so great

26   that it created a crack in the doorframe.  (Doc. 45 ¶ 17; Doc. 49 p. 19).  In addition, when defendants

27   arrived on the scene, Mr. Maric's children were clinging to Ms. Maric with frowns on their faces.

28   (Doc. 45 ¶ 6).  Accordingly, the undisputed facts show that Deputies Maldonado and Robinson had

1    probable cause to arrest Mr. Maric.

2         Defendants' motion for summary judgment on Ms. Maric's malicious prosecution claim is

3    GRANTED.

4    **F. Assault and Battery**

5    **1. Defendants' Motion for Summary Judgment**

6         Defendants argue that they are entitled to summary judgment on Mr. Maric's assault and

7    battery claim because the force used was reasonable and protected under California Penal Code § 835a.

8         California Penal Code § 835a provides that "[a]ny peace officer who has reasonable cause to

9    believe that the person to be arrested has committed a public offense may use reasonable force to effect

10   the arrest, to prevent escape, or to overcome resistance."  Cal. Pen. Code § 835a.

11        The Court is unable to resolve Mr. Maric's assault and battery claim because there is a genuine

12   dispute as to the level of force used by defendants.  Mr. Maric's assault and battery claim is based on

13   the force defendants used when they escorted him out of his apartment.  According to Mr. Maric,

14   defendants "attacked and snatched" him from his apartment (Doc. 50, p. 7:28) by knocking him

15   backwards and "yanking" him from his home (Doc. 49, p. 22:6-8).  According to defendants, Deputies

16   Robinson and Maldonado entered the home, grabbed one of Mr. Maric's arms each, and escorted him

17   outside.  (Doc. 45 ¶ 6).  Because there is a genuine dispute as to the level of force defendants used

18   when removing Mr. Maric from his home, this Court is unable to determine whether the force used

19   was reasonable.

20        Defendants' motion for summary judgment on Mr. Maric's assault and battery claim is

21   DENIED.

22   **2. Plaintiff's Motion for Summary Judgment**

23        Mr. Maric contends that he is entitled to summary judgment on his assault and battery claim

24   because Deputies Alvarado, Maldonado, and Robinson had no legal grounds to arrest him.  This

25   contention is unavailing.  Defendants had probable cause to believe that Mr. Maric violated California

26   Penal Code § 273a(b), willfully causing a child to suffer emotional distress.  *See* Section IV.A.1.a,

27   *supra*.

28        Plaintiff's motion for summary judgment on his assault and battery claim is DENIED.

**G. False Imprisonment**

Defendants assert that they are entitled to summary judgment on Mr. Maric's false imprisonment claim due to privilege. Mr. Maric contends that because defendants arrested him without probable cause his arrest and night in jail amounted to false imprisonment.

"Under California law, the elements of a claim for false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011) (internal quotation marks omitted). "[T]he torts of false arrest and false imprisonment are not separate torts, as false arrest is but one way of committing a false imprisonment." *Watts v. County of Sacramento*, 256 F.3d 886, 891 (9th Cir. 2001) (internal quotation marks omitted). "A cause of action for false imprisonment based on unlawful arrest will lie where there was an arrest without process followed by imprisonment." *Id*.

Mr. Maric alleges that he was arrested without probable cause or a warrant, handcuffed, and illegally detained in the county jail. Defendants are entitled to summary judgment on this claim because defendants had probable cause to arrest Mr. Maric. As discussed above, defendants had probable cause to arrest Mr. Maric for resisting, delaying or obstructing a peace officer, in violation of California Penal Code § 148(a), and willfully causing a child to suffer emotional distress, in violation of California Penal Code § 273a(b). *See* Section IV.E, *supra*.

Defendants' motion for summary judgment on Mr. Maric's false imprisonment claim is GRANTED. For the same reasons, plaintiff's motion for summary judgment on his false imprisonment claim is DENIED.

**V. CONCLUSION**

For the reasons discussed above, this Court:

1.  GRANTS defendants' motion for summary judgment on Mr. Maric's Fourth Amendment warrantless entry claim against all defendants;

2.  GRANTS defendants' motion for summary judgment on Mr. Maric's claim under article I, section 1 of the California Constitution against all defendants;

3.  GRANTS defendants' motion for summary judgment on Mr. Maric's Fourth

Amendment Seizure claims against all defendants;

4.  DENIES defendants' motion for summary judgment on Mr. Maric's excessive force claim against Deputy Robinson;

5.  GRANTS defendants' motion for summary judgment on Mr. Maric's malicious prosecution claim against Deputies Maldonado and Robinson;

6.  DENIES defendants' motion for summary judgment on Mr. Maric's assault and battery claim against Deputies Alvarado, Maldonado, and Robinson;

7.  GRANTS defendants' motion for summary judgment on Mr. Maric's false imprisonment claim against Deputies Alvarado, Maldonado, and Robinson;

8.  DENIES Mr. Maric's motion for summary judgment; and

9.  DIRECTS the Clerk to enter judgment in favor of defendant Deputy Burk and against plaintiff Mr. Maric in that there is no just reason for delay given that Mr. Maric's claims against Deputy Burk are clear and distinct from his claims against the other defendants. *See* FED. R. CIV. P. 54(b).

IT IS SO ORDERED.

Dated:   **January 23, 2014**            **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE