# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MARIC,<br><br>    Plaintiff,<br><br>  v.<br><br>ALVARADO, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:12-cv-00102-SKO<br><br>**ORDER ON MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**<br><br>(Doc. 135) |

## I. INTRODUCTION

On January 23, 2012, Plaintiff, proceeding *pro se*, filed a civil rights suit against the County of Fresno and several law enforcement personnel for incidents that occurred during law enforcement's response to a domestic violence call. (Doc. 1.) Plaintiff filed a First Amended Complaint on May 9, 2012 (Doc. 5), which, after having been screened (Docs. 6 & 7), remains the operative pleading in the case. The First Amended Complaint alleges federal and state law claims against defendants Fresno County Deputy Sheriffs Jon Alvarado ("Deputy Alvarado"), Todd Burk ("Deputy Burk"), John Robinson ("Deputy Robinson"), and Fernando Maldonado ("Deputy Maldonado") (collectively "Defendants"). (*See id.*)

On June 6, 2019, Defendants filed a Motion to Compel Discovery based on Plaintiff's failure to provide responses to Deputy Maldonado's outstanding discovery requests consisting of Interrogatories and Request for Production of Documents (the "Motion").[1] (Doc. 135.) Plaintiff

---

[1] Although Motion is brought on behalf of all defendants, the discovery at issue was propounded by Deputy Maldonado. (*See* Doc. 135-2, Declaration of Ashley N. Reyes in Support of Motion ("Reyes Decl."), at ¶ 2 and Exs. 1 & 2.) Thus, only Deputy Maldonado has standing to bring a motion for failure to response to his discovery requests. The Motion will therefore be treated as having been brought solely by Deputy Maldonado.

has not filed an opposition to the Motion.

After having reviewed the motion and supporting documents, and in view of Plaintiff's failure to oppose, the Motion was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court vacated the hearing set for June 26, 2019. (Doc. 137.) For the reasons set forth below, the Motion shall be granted.

## II. BACKGROUND

### A. Factual Background

On March 18, 2010, Mary Maric ("Ms. Maric") called 911 and told the dispatcher that she did not wish for her husband, Plaintiff, to remain at their shared residence. (Doc. 5 at 3.) When Deputies Robinson, Alvarado, and Maldonado arrived at the Marics' home, Plaintiff answered the door. According to Plaintiff, when he answered the door he spoke to Defendants in a calm manner. (*Id*. at 4.) When Defendants repeatedly asked him to exit the apartment, he refused and kept stating that they were violating his constitutional rights. (*Id*. at 5.) After Plaintiff's repeated refusals to exit the apartment, Deputies Maldonado and Robinson entered the apartment, pushed Plaintiff against a wall, and then "pulled" him from his home. (*Id*.) Deputy Burk and Deputy Maldonado located and confiscated firearms from the home. (*Id*. at 6.)

Outside, Plaintiff alleges that he was handcuffed, and Deputy Robinson grabbed Plaintiff's shoulders and leg-swept him to the ground, where he initially landed on his buttocks and then rolled over onto his side. (*Id*.) Plaintiff was charged with resisting arrest, domestic disturbance, criminal storage of a firearm, and child endangerment. (*Id*.) The charges were dismissed on December 16, 2010. (*Id*.)

### B. Procedural History

On January 23, 2012, Plaintiff filed his Complaint (Doc. 1), which was dismissed with leave to amend (Doc. 4). Plaintiff then filed a First Amended Complaint on May 9, 2012. (Doc. 5) Following screening of the First Amended Complaint, the Court permitted Plaintiff to proceed on the following claims: (1) Fourth Amendment claims of violations of privacy and seizure against Deputy Alvarado, Deputy Maldonado, Deputy Robinson, and Deputy Burk, excessive force against Deputy Robinson, and malicious prosecution as against Deputy Maldonado and Deputy Robinson;

1  (2) claims concerning violations of Article I, section 1 of the California Constitution as against
2  Deputy Alvarado, Deputy Maldonado, Deputy Robinson and Deputy Burk; (3) state law assault and
3  battery claims against Deputy Alvarado, Deputy Maldonado, and Deputy Robinson; (4) and state
4  law false imprisonment claims against Deputy Alvarado, Deputy Maldonado, and Deputy Burk.
5  (Docs. 6 & 7.)

Plaintiff's claims of violations of privacy and seizure under both the Fourth Amendment and the California Constitution were dismissed on summary judgment on January 23, 2014. (Doc. 55.) Upon consent of the parties, the case was reassigned to the undersigned (Doc. 70), and Plaintiff's remaining causes of action were tried before a jury in April 2014. (Docs. 96 & 97.) The jury found for Defendants on these remaining claims (*see* Doc. 101), and judgment was entered April 18, 2014 (Doc. 104).

Plaintiff appealed the motion for summary judgment on May 1, 2014. (Doc. 106.) On September 6, 2018, the Ninth Circuit Court of Appeals reversed the Court's ruling on Defendants' motion for summary judgment on September 6, 2018. (Doc. 113.)

The Court held a scheduling conference and issued a Scheduling Order on January 25, 2019. (Doc. 133.) Under the Scheduling Order, all non-expert discovery must be completed by July 11, 2019. (*See id.* at 3.)

**C.     Background of Discovery Dispute**

On April 11, 2019, Plaintiff was served by mail with Deputy Maldonado's first set of Special Interrogatories (the "Special Interrogatories") and first set of Request for Production of Documents (the "Request for Production"). (*See* Doc. 135-2, Declaration of Ashley N. Reyes in Support of Motion ("Reyes Decl."), at ¶ 2 and Exs. 1 & 2.) The discovery requests were also emailed to Plaintiff that same day. (*Id.*) Plaintiff did not respond to these discovery requests by May 16, 2019, the deadline set forth in the Federal Rules of Civil Procedure.[2] (*See id.* ¶ 3.)

Defense counsel sent Plaintiff a meet and confer letter via email and U.S. Mail requesting responses to the discovery requests by May 24, 2019. (*See* Reyes Decl. ¶ 5 and Ex. 3.) The letter advised Plaintiff that if "full and complete responses" were not received by that date, Defendants

---

[2] *See* Fed. R. Civ. P. 5(b), 6(a), 6(d), 33(b), and 34(b).

3

"will be forced to file a motion for an order compelling you to response" and that they would also "seek any and all available sanctions including attorney's fees and/or terminating sanctions." (*See id.*)

On May 28, 2019, Plaintiff emailed defense counsel stating he would "try and respond to your requests within the week." (*See* Reyes Decl. ¶ 7 and Ex. 4.) The email indicated that "[t]hings been [sic] rough lately," as his "woman recently passed away" and he was "once again illegal seized [sic] and falsely imprisoned." (*See id.*) Plaintiff attached to his email what he described as "contact info for Mary Ayala a court appointed legal counsel for my kids," who Plaintiff indicated "should have address and contact info for witness Mary Maric, now going by Mary Edward." (*See* Reyes Decl. ¶¶ 7–8 and Exs. 4 & 5.) Plaintiff requested that defense counsel forward him Ms. Maric's info "as well as the deputies' addresses." (*See* Reyes Decl. ¶ 7 and Ex. 4.)

Defense counsel responded to Plaintiff's email that same day and agreed to give him until May 31, 2019, to respond to the discovery requests. (*See* Reyes Decl. ¶ 7 and Ex. 4.) The email advised that if the responses were not received by May 31, 2019, that Defendants "will be forced to file a motion to compel with the Court being that non-expert discovery is closing soon." (*See id.*) Defense counsel also indicated that the defendants' addresses are not public and would not be provided, as any and all communication with them as represented parties would be through their counsel. (*See id.*)

On May 31, 2019, defense counsel left a voicemail message for Plaintiff inquiring as to the status of his responses. (*See* Reyes Dec. ¶ 9.) On June 3, 2019, Plaintiff emailed defense counsel asking "[w]hat were the requests you were seeking response to" and whether they would like him to respond, given that "it's past the deadline." (*See id.* ¶ 10 and Ex. 6.) Defense counsel responded that same day, attaching the discovery requests and giving Plaintiff until June 5, 2019 to respond. The email again advised Plaintiff that if responses were not received by June 5, 2019, " we will be forced to file a motion to compel and seek sanctions." (*See id.*) No response was received to this email. (*See* Reyes Decl. ¶ 11.)

Defendants filed a Motion to Compel Discovery on June 6, 2019, seeking an order compelling Plaintiff to respond to the outstanding discovery and monetary sanctions for expenses

4

incurred in bringing the Motion. (Doc. 135.) In view of the upcoming non-discovery deadline and pursuant to the Scheduling Order, the Court advanced the hearing from July 10, 2019 to June 26, 2019, and ordered Plaintiff to file his opposition by June 19, 2019.[3] (Doc. 136.)

When Plaintiff failed to file any opposition (or any request to enlarge the time to do so), the unopposed Motion was submitted on the pleadings and the hearing vacated. (Doc. 137.) On June 21, 2019, prior to receiving notice that the hearing on the Motion had been vacated, Plaintiff requested that it be continued in light of his unavailability. (*See* Doc. 138.) Plaintiff's request was denied as moot on June 24, 2019. (Doc. 139.)

## III. DISCUSSION

### A. Scope of Discovery

The scope and limitations of discovery are set forth in the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Rule 26(b) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978).

### B. Deputy Maldonado's Special Interrogatories

#### 1. Legal Standard

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Unless otherwise agreed, the responding party must serve its

---

[3] The Scheduling Order provides that motions to compel are required to be "filed and heard sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time." (Doc. 133 at 3.)

answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)–(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, No. 1:04–cv–05935–AWI–SMS–PC, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, Civ. No. S–06–2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Any untimely objection to the interrogatory is waived, unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4).

### 2. Analysis

The Special Interrogatories seek relevant information, specifically the identification of facts, witnesses, and documents to support or refute certain allegations made in Plaintiff's First Amended Complaint. (*See* Reyes Decl. Ex. 2.) They were served on Plaintiff on April 11, 2019, and no responses were served within the requisite time period. (*See* Reyes Decl. ¶¶ 2–3.) Despite numerous correspondence sent and several enlargements of time granted by defense counsel to Plaintiff, the Special Interrogatories remain outstanding, with no responses received. (*See id.* ¶¶ 5–11 and Exs. 3–6.) Plaintiff has not opposed the Motion, nor offered any reason why the Motion should not be granted as to the Special Interrogatories. As such, the Court shall grant the Motion and order Plaintiff to respond, without objections, to the Special Interrogatories. Fed. R. Civ. P. 33(b)(4), 37(a)(3)(B); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

**C.     Deputy Maldonado's Request for Production of Documents**

### 1. Legal Standard

A party may request documents within the scope of Rule 26(b) that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" within the time specified. Fed. R. Civ. P. 34(b)(2)(A)–(B). In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(C). If a party "fails to respond that

inspection will be permitted—or fails to permit inspection—as requested under Rule 34," the propounding party may make a motion to compel production of the documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). A moving party has the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### 2. Analysis

The Request for Production seek relevant documents, namely those relating to the incident described in Plaintiff's First Amended Complaint, including photographs and video recordings, witness statements, and arrest, detention, and prosecution documents. (*See* Reyes Decl. Ex. 1.) They were served on April 11, 2019, and no responses or documents were received despite defense counsel's numerous attempts to obtain the discovery. (Reyes Decl. ¶¶ 2–3, 5–11 and Exs. 3–6.) Again, Plaintiff has not opposed the Motion, nor offered any reason why the Motion should not be granted as to the Request for Production. Moreover, the Request for Production seeks evidence that is highly probative to Deputy Maldonado's defense of the case (*see id*. Ex. 1), and he is substantially prejudiced by Plaintiff's failure to respond to the discovery requests. Accordingly, the Court shall grant the Motion and order Plaintiff to produce documents responsive to the Request for Production. Fed. R. Civ. P. 34(b)(2), 37(a)(3)(B); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). If Plaintiff determines that he has no documents within his possession, custody, or control that are responsive to any given Request, he shall so state in writing.

## D. Attorney's Fees

Rule 37(a)(5)(A) requires the court to award attorney's fees in "most circumstances." *Balla v. Idaho*, 677 F.3d 910, 920 (9th Cir. 2012); *Global Ampersand, LLC v. Crown Eng'g & Const., Inc.*, 261 F.R.D. 495, 502 (E.D. Cal. 2009) (noting Rule 37(a)(5) "requires a party to pay attorney's fees caused by a failure to comply unless the failure was substantially justified or other circumstances make an award of expenses unjust"). Here, Plaintiff has offered no explanation for his failure to respond to Deputy Maldonado's properly propounded discovery, and attorney's fees are therefore appropriate.[4] Furthermore, Plaintiff was afforded an opportunity to be heard in

---

[4] Plaintiff's *pro se* status does not excuse him from his obligation to comply with discovery requests. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the

opposition to the Motion (*see* Doc. 136) but failed to file any response whatsoever. As the Motion has merit, the Court will require Plaintiff to pay reasonable attorney's fees incurred in bringing the Motion. Fed. R. Civ. P. 37(a)(5)(A).

Generally, the Ninth Circuit has adopted a lodestar approach for assessing the amount of reasonable attorney's fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). In the context of fees awarded pursuant to Rule 37(a)(5), the Court looks to the lodestar factors only for guidance when deciding the amount of attorney's fees arising from the Motion. *Global Ampersand*, 261 F.R.D. at 502.

The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Id*. (citation omitted). To determine the lodestar, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

As discussed above, Plaintiff's conduct was not substantially justified, and an award of attorney's fees is appropriate. The Court has examined the declarations and supporting documents

---

Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal ... or any other sanction appropriate under these Rules.

*See also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants.").

submitted by counsel (*see* Reyes Decl. ¶ 12), as well as the factors set forth above, and finds the requested amount reasonable. *See Silvester v. Harris*, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 17, 2014) (Range of prevailing market billable rates in the Fresno Division is between $175 and $300 per hour.). Accordingly, Deputy Maldonado will be awarded a total of $567.00 in compensation for the three (3) hours of attorney time at a billable hourly rate of $189.00 that was expended on preparation of the Motion.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED:

1. The Motion to Compel Discovery (Doc. 135) is granted;
2. **By no later than July 8, 2019**, Plaintiff shall (a) produce documents responsive to Deputy Maldonado's Request for Production, Set One, and as to each request that Plaintiff determines he has no responsive documents within his possession, custody, or control, specifically state so in writing, and (b) respond to Deputy Maldonado's Special Interrogatories, Set One, without objections; and
3. Attorney's fees are awarded to Deputy Maldonado in the amount of $567.00.

**Plaintiff is cautioned that the failure to obey this order could result in sanctions, including dismissal of this action.**

IT IS SO ORDERED.

Dated: **June 26, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE