# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MARIC,<br><br>    Plaintiff,<br><br>v.<br><br>ALVARADO, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:12-cv-00102-SKO<br><br>**ORDER ON MOTION FOR ORDER COMPELLING PLAINTIFF TO COMPLY WITH COURT ORDER AND REQUEST FOR SANCTIONS**<br><br>(Doc. 143-1) |

Before the Court is Defendant Fernando Maldonado ("Deputy Maldonado")'s Motion for Order Compelling Plaintiff to Comply with Court Order and Request for Sanctions, filed July 10, 2019 (the "Motion"). (Doc. 143-1.) Plaintiff did not file an opposition or otherwise respond to the Motion. A hearing on the Motion was held on August 7, 2019. (Doc. 145.) Attorney Ashley N. Reyes appeared on behalf of Deputy Maldonado. (*Id.*) Plaintiff failed to appear at the hearing. (*Id.*) Having considered the Motion and oral argument, the Court will grant in part and deny in part the Motion.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this civil rights suit against the County of Fresno and several law enforcement personnel for incidents that occurred during law enforcement's response to a domestic violence call. (Doc. 1.) Plaintiff's First Amended Complaint alleges federal and state law claims against defendants Fresno County Deputy Sheriffs Jon Alvarado ("Deputy Alvarado"), Todd Burk ("Deputy Burk"), John Robinson ("Deputy Robinson"), and Fernando Maldonado ("Deputy Maldonado") (collectively "Defendants"). (Doc. 5.)

On June 26, 2019, the Court issued an Order Granting Deputy Maldonado's Motion to Compel Discovery based on Plaintiff's failure to provide responses to outstanding discovery requests consisting of Interrogatories and Request for Production of Documents. (Doc. 140.) In the Order, the Court ordered that, by no later than July 8, 2019, Plaintiff must: (1) produce documents responsive to Deputy Maldonado's Request for Production, Set One, and as to each request that Plaintiff determines he has no responsive documents within his possession, custody, or control, specifically state so in writing, and (2) respond to Deputy Maldonado's Special Interrogatories, Set One, without objections. (*Id.*) The Court also awarded monetary sanctions in the form of attorney's fees in the amount of $567.00 to Deputy Maldonado. (*Id.*)

On July 10, 2019, Deputy Maldonado filed the present Motion. (Doc. 143-1.) He asserts that, after multiple, unsuccessful attempts to contact Plaintiff, Plaintiff failed to provide discovery responses and pay the monetary sanctions as ordered. (*Id.* at 2; Doc. 143-2, Declaration of Ashley N. Reyes in Support of Motion ("Reyes Decl."), at ¶¶ 3–4.) Plaintiff also did not contact defense counsel to request additional time to comply and appears to have offered no explanation for his failure to comply. (*Id.*) Deputy Maldonado requests the Court to require Plaintiff to comply with the Court's June 26, 2019 Order by a date certain and, if he does not, to dismiss this case. (Doc. 143-1 at 3.) As sanctions, Deputy Maldonado requests that the Court award reasonable attorney's fees against Plaintiff. (*Id.*; Reyes Decl. ¶ 5.) Deputy Maldonado also asks that the Scheduling Order be modified to enlarge the time for non-expert discovery, given Plaintiff's failure to respond to date. (Doc. 143-1 at 3.) As noted above, Plaintiff did not file a response or opposition to the Motion, nor did he appear at the hearing.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 37, a court may issue sanctions "against a party who 'fails to obey an order to provide or permit discovery.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting Fed. R. Civ. P. 37(b)(2)(A)). In lieu of or in addition to other sanctions, where a party has failed to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award

of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing *in propria persona*. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

*See also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).

Here, the Court ordered Plaintiff to respond to Deputy Maldonado's first set of Special Interrogatories and first set of Request for Production of Documents and to pay attorney's fees in the amount of $567.00. The Court directed Plaintiff to comply with the Order by no later than July 8, 2019. To date, Plaintiff has neither provided the ordered discovery, nor paid the monetary sanction. This failure violated Plaintiff's discovery obligations and a court order. There is nothing in record to suggest that Plaintiff's failure was substantially justified or that other circumstances make an award of expenses unjust. Although Plaintiff is proceeding *pro se*, he is required to abide by the Federal Rules of Civil Procedure and obey all orders of this Court. Plaintiff was on notice that the failure to comply with the Court's June 26, 2019 Order "could result in sanctions." (Doc. 140 at 9.) He neither opposed the Motion, nor appeared at the hearing.

Accordingly, pursuant to Rule 37(b)(2)(C), "the court must order [Plaintiff] . . . to pay reasonable expenses, including attorney's fees, caused by the failure . . ." to comply with the Court's June 26, 2019 Order. Fed .R. Civ. P. 37(b)(2)(C). Deputy Maldonado submitted to the Court the reasonable expenses incurred due to Plaintiff's failure to comply: defense counsel spent three hours preparing the Motion and two hours preparing for and attending the hearing, at an hourly rate of $189.00. (Reyes Decl. ¶ 5; Doc. 146, Supplemental Declaration of Ashley N. Reyes in Support of Motion, at ¶ 4.) Plaintiff shall be required to pay additional attorney's fees in the amount of $945.00.

In view of the upcoming non-expert discovery deadline, the Court finds Plaintiff's failure to provide the ordered discovery in advance of the non-expert deadline constitutes good cause to further modify the Scheduling Order and therefore grants Deputy Maldonado's request.[1] *See* Fed. R. Civ. P. 16(b)(4). Plaintiff shall respond to the ordered discovery no later than August 23, 2019, and the non-expert discovery deadline shall be extended to September 13, 2019.

Finally, the Court declines to impose prospective terminating sanctions in the event Plaintiff does not comply with this order and will deny the Motion to the extent it seeks such relief. Plaintiff is cautioned, however, that any future failure to abide by his discovery obligations, any future refusal to participate in discovery, or any future failure to obey an order of this Court will result in the consideration of terminating sanctions upon request. *See* Fed. R. Civ. P. 37(b)(2)(A), 41(b); L.R. 110.

### III.     CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Deputy Maldonado's Motion for Order Compelling Plaintiff to Comply with Court Order and Request for Sanctions (Doc. 143-1) is GRANTED IN PART AND DENIED IN PART, as follows:

1. **By no later than August 23, 2019**, Plaintiff shall:

    (a) produce documents responsive to Deputy Maldonado's Request for Production, Set One, <u>and</u> as to each request that Plaintiff determines he has no responsive documents within his possession, custody, or control, specifically state so in writing;

    (b) respond to Deputy Maldonado's Special Interrogatories, Set One, without objections; and

    (c) pay attorney's fees to Deputy Maldonado in the amount of $1,512.00.

2. The non-expert discovery deadline is hereby CONTINUED to **September 13, 2019**. All other deadlines set forth in the Scheduling Order (Doc. 133) remain unchanged.

3. Deputy Maldonado's request for the imposition of prospective terminating sanctions is DENIED.

---

[1] The Court previously continued the non-expert discovery deadline "to give adequate time for the Motion to be heard and effective relief granted within the non-expert discovery period." (Doc. 144.)

4

**Plaintiff is CAUTIONED, however, that any future failure to abide by his discovery obligations, any future refusal to participate in discovery, or any future failure to obey an order of this Court WILL result in the consideration of terminating sanctions upon request.**

IT IS SO ORDERED.

Dated:  **August 8, 2019**                            /s/ *Sheila K. Oberto*
                                                                       UNITED STATES MAGISTRATE JUDGE