UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MARIC,<br><br>        Plaintiff,<br><br>    v.<br><br>ALVARADO, et al.,<br><br>        Defendants. | No. 1:12-cv-00102-SKO<br><br>**ORDER CONTINUING PRETRIAL CONFERENCE AND TRIAL DATES**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**<br><br>**(Docs. 164, 165)** |

        This case is currently set for trial on May 27, 2020, with a pretrial conference set for March 25, 2020. (*See* Doc. 161.) On March 18, 2020, Defendants filed a unilateral "Pre-Trial Conference Statement," (Doc. 164), and "Declaration of Ashley N. Reyes Regarding Inability to File Joint Pretrial Statement," (Doc. 165). Defendants represent that they attempted to meet and confer with Plaintiff on numerous occasions to prepare the required joint pretrial statement, but Plaintiff did not respond. (*See id.* at 1–2.)

        Plaintiff has previously shown a lack of interest in prosecuting this case and the Court has warned Plaintiff regarding the possibility of terminating sanctions. For example, on September 18, 2019, the Court denied without prejudice Defendants' request for terminating sanctions based on Plaintiff's lack of cooperation in discovery, but warned Plaintiff that any future failure to comply with court orders could result in terminating sanctions. (*See* Doc. 151.) On December 2, 2019, the Court allowed Plaintiff a considerable extension of time to respond to Defendants' motion for summary judgment, over Defendants' objections, (*see* Doc. 160), and Plaintiff still

failed to respond by the extended deadline.  (*See* Doc. 162.)

The scheduling order in this case states that "[t]he parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)."** (Doc. 133 at 5) (emphasis in original). Local Rule 281 contemplates that all parties shall participate in drafting the Joint Pretrial Statement.  *See* E.D. Cal. L.R. 281(a)(2), (b).  Plaintiff failed to abide by the Court's scheduling order and Local Rule 281 by not participating in drafting the Joint Pretrial Statement.

Thus, the Court will order Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with court orders.  **Plaintiff is advised that failure to respond to this order may result in the Court vacating the pretrial conference and trial dates and may result in sanctions including the dismissal of the case without further notice.** Further, because Plaintiff's failure to participate in drafting the Joint Pretrial Statement does not inspire confidence that he will attend the currently scheduled pretrial conference, and to allow Plaintiff time to respond to this order, the Court will continue the pretrial conference and trial dates.

Accordingly, IT IS ORDERED:

1. **By no later than April 20, 2020,** Plaintiff shall **SHOW CAUSE in writing** why this case should not be dismissed for failure to prosecute and failure to comply with court orders. Failure to respond to this order may result in sanctions, including the dismissal of the case.

2. The pretrial conference is CONTINUED to May 13, 2020, at 2:30 p.m., and the jury trial is CONTINUED to July 7, 2020, at 8:30 a.m., in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto.

IT IS SO ORDERED.

Dated:   **March 19, 2020**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

2