# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MARIC, | Case No. 1:12-cv-00102-SKO |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| ALVARADO, et al., | (Doc. 169) |
| Defendants. | |

## I. Background

Plaintiff Dennis Maric filed this civil rights action against Defendants pursuant to 42 U.S.C. § 1983 on January 23, 2012. (Doc. 1.) Plaintiff filed the operative first amended complaint (FAC) on May 9, 2012. (Doc. 5.) On January 23, 2014, the previously assigned district judge granted Defendants' motion for summary judgment on certain claims and denied the motion as to other claims. (*See* Doc. 55.) The parties later consented to the jurisdiction of a U.S. magistrate judge, (*see* Docs. 65, 66, 67, 60), and the case proceeded to trial before the undersigned on April 15, 2014, on claims of excessive force and assault and battery. (Doc. 96.) On April 16, 2014, the jury returned a verdict for Defendants. (Doc. 101.)

Plaintiff filed a notice of appeal on May 1, 2014. (Doc. 106.) On September 6, 2018, the U.S. Court of Appeals for the Ninth Circuit reversed the previously assigned district judge's summary judgment order and remanded certain claims for trial. *Maric v. Alvarado*, 748 F. App'x 747, 748 (9th Cir. 2018). On January 25, 2019, the Court entered a scheduling order. (Doc. 133.)

1    On June 6, 2019, Defendants filed a motion to compel discovery and for sanctions, stating that
2    Plaintiff had completely failed to respond to certain written discovery. (Doc. 135.) Plaintiff failed
3    to oppose the motion, and on June 26, 2019, the Court granted Defendants' motion to compel and
4    awarded attorney's fees in the amount of $567. (Doc. 140.)

5    On June 27, 2019, Defendants filed an "Ex Parte Application for Order Shortening Time to
6    Hear Defendants' Motion to Compel Plaintiff to Submit to an Oral Deposition and Request for
7    Monetary Sanctions" stating that Plaintiff failed to cooperate in setting his deposition. (Doc. 141.)
8    On June 28, 2019, following a telephonic conference with the parties, the Court directed Plaintiff
9    to appear for his deposition on July 2, 2019, and denied Defendants' request for monetary sanctions
10   without prejudice. (Doc. 142.) On July 10, 2019, Defendant Maldonado filed a motion for an
11   order compelling Plaintiff to comply with the June 26, 2019 Order, stating that Plaintiff had failed
12   to serve discovery in compliance with the order and failed to pay the attorney's fee amount. (Doc.
13   143.) On August 7, 2019, Plaintiff failed to appear at the hearing on Defendant Maldonado's
14   motion. (*See* Doc. 145.) On August 8, 2019, the Court granted Defendant Maldonado's motion
15   and again directed Plaintiff to serve responses to the outstanding discovery requests and pay
16   Defendant Maldonado's counsel $1,512 in attorney's fees. (Doc. 147.) The Court denied without
17   prejudice Defendant Maldonado's request for terminating sanctions, but warned Plaintiff that "**any**
18   **future failure to abide by his discovery obligations, any future refusal to participate in**
19   **discovery, or any future failure to obey an order of this Court WILL result in the**
20   **consideration of terminating sanctions upon request.**" (*Id.* at 5) (emphasis in original).

21   On August 30, 2019, Defendant Maldonado filed a motion to compel Plaintiff to comply
22   with the August 8, 2019 Order and a request for monetary and terminating sanctions. (Doc. 148.)
23   On September 18, 2019, Defendants' counsel and Plaintiff appeared for a hearing on the motion.
24   (*See* Doc. 151.) Following the hearing, the Court ordered Plaintiff again to produce the outstanding
25   discovery and ordered Plaintiff to pay attorney's fees to Defendant Maldonado in the amount of
26   $1,512, as previously ordered, in installment payments of $200 per month, beginning October 1,
27   2019. (*Id.*) The Court denied Defendant Maldonado's second request for terminating sanctions
28   without prejudice. (*Id.*) The Court also directed Plaintiff to "endeavor to check his post office

1 box often in order to ensure he receives correspondence from the Court and defense counsel," and cautioned Plaintiff that "any future failure to abide by his discovery obligations, any future refusal to participate in discovery, or any future failure to obey an order of this Court WILL result in the consideration of terminating sanctions upon request." (*Id.*)

On October 22, 2019, Defendants moved for summary judgment. (Doc. 152.) Plaintiff failed to file an opposition within the time prescribed by Local Rule 230(g), and upon review of the motion, the Court deemed the matter suitable for decision on the papers and vacated the November 27, 2019 hearing on the motion. (*See* Doc. 156.) On November 25, 2019, Plaintiff filed a request for continuance of "all court dates," which Defendants opposed. (Docs. 157, 158, 159, 160.) Over Defendants' objections, the Court granted Plaintiff's request and re-set the hearing on Defendants' motion for summary judgment for January 29, 2020, allowed Plaintiff until January 15, 2020 to file an opposition to the motion, and continued the pretrial conference from January 22, 2020, to March 25, 2020, and the jury trial date from March 17, 2020, to May 27, 2020. (Doc. 161.) Plaintiff again failed to file an opposition to the motion for summary judgment, and on January 24, 2020, the Court vacated the January 29, 2020, hearing. (Doc. 162.) On February 27, 2020, the Court denied Defendants' motion for summary judgment. (Doc. 163.)

On March 18, 2020, Defendants filed a unilateral "Pre-Trial Conference Statement," (Doc. 164), and "Declaration of Ashley N. Reyes Regarding Inability to File Joint Pretrial Statement," (Doc. 165). Defendants represented that they attempted to meet and confer with Plaintiff on numerous occasions to prepare the joint pretrial statement required by Local Rule 281(a)(2), but Plaintiff did not respond or otherwise communicate with Defendants' counsel. (*Id.* at 1–2.) The Court therefore continued the pretrial conference to May 13, 2020, and the trial date to July 7, 2020, and directed Plaintiff to show cause by April 20, 2020, why the case should not be dismissed. (Doc. 166.) The Court warned Plaintiff that "**failure to respond to this order may result in the Court vacating the pretrial conference and trial dates and may result in sanctions including the dismissal of the case without further notice**." (*Id.* at 2) (emphasis in original). Plaintiff failed to respond to the order to show cause ("OSC") and on April 27, 2020, the Court vacated the trial date and entered another OSC directing Plaintiff to show cause by June 26, 2020, why the

3

1  case should not be dismissed. (Doc. 169.)  The Court again warned Plaintiff that failure to respond
2  could result in the dismissal of the case without further notice.  (*Id.* at 2.)
3        Based on Plaintiff's failure to comply with the Court's April 27, 2020 OSC and other orders
4  of the Court, and Plaintiff's failure to prosecute the case, this action shall be dismissed, with
5  prejudice, for the reasons set forth below.
6  **II.**     **Discussion**
7      **A.**     **Plaintiff's Failure to Comply with Court Orders and Failure to Prosecute**
8        Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules
9  or with any order of the Court may be grounds for the imposition by the Court of any and all
10 sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.  District courts have the
11 inherent power to control their dockets and "[i]n the exercise of that power they may impose
12 sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829,
13 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to
14 prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.,*
15 *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule);
16 *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local
17 rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*,
18 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson*
19 *v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to
20 comply with local rules); *Lopez v. Chase Home Fin.*, No. CVF09-0449 LJOGSA, 2009 WL
21 1098760, at *1 (E.D. Cal. Apr. 20, 2009) (dismissal of certain defendants for failure to comply
22 with court).
23       As set forth above, Plaintiff has demonstrated a pattern of disregard for Court orders and a
24 complete lack of interest in prosecuting this case.  For example, Plaintiff failed to comply with
25 discovery orders entered on June 26, 2019, (Doc. 140), and August 8, 2019, (Doc. 148).  Plaintiff
26 also failed to oppose Defendants' motion for summary judgment despite being given multiple
27 opportunities to do so, which necessitated continuing the trial date over Defendants' objection.
28 (*See* Doc. 161.)  Finally, Plaintiff failed to participate in preparing the joint pretrial statement,

which again necessitated continuing the trial date. (*See* Doc. 166.) Notwithstanding this, the Court did not vacate the trial date, but gave Plaintiff another opportunity to participate in drafting the pretrial statement. (*Id.*) Plaintiff again disregarded the Court's order, and has now failed to respond to multiple OSCs directing him to show cause why the Court should not dismiss the case. (*See, e.g.,* Doc. 169.) The Court has not received any filing or any other type of communication from Plaintiff in this case since November 25, 2019. (*See* Doc. 159.)

### B.  Propriety of Terminating Sanctions

#### 1.  Balancing Test

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

#### 2.  Application of Factors

##### a.  Public's Interest

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2006) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)), as the "orderly and expeditious resolution of disputes is of great importance to the rule of law," *In re PPA*, 460 F.3d at 1227. This case has been pending since 2012, and Plaintiff's refusal to comply with orders of the Court and failure to prosecute the case threatens to delay the resolution on the merits at trial, as the Court has already had to delay the trial multiple times and vacate the trial date due to Plaintiff's failure to participate in the case. *In re PPA*, 460 F.3d at 1227. Further, Plaintiff has given no indication that he will begin to

participate again or when that will occur; thus there is no end in sight to a case that has been pending for over eight years—due to Plaintiff's non-participation. Accordingly, this factor weighs in favor of dismissal.

### b. Need to Manage Docket

The Court's need to manage its own docket also weighs in favor of dismissal. *Id.* at 1227. This action has been pending for over eight years, and Plaintiff has had ample time to prepare for trial and comply with the scheduling order and other orders of the Court. The Court has an extremely heavy caseload, and when counsel or pro se litigants disregard orders and deadlines, the Court's ability to manage its docket and guide cases towards resolution is compromised. *See id.* Moreover, Plaintiff's has offered no explanation and has simply disregarded the Court's OSCs and the Court's repeated warnings regarding terminating sanctions. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," *Pagtalunan*, 291 F.3d at 642, and here, Plaintiff's continued disobedience of the Court's orders and failure to prosecute the case amounts to more than "routine noncompliance," *id.*

### c. Prejudice to Defendants

Next, while the mere pendency of an action does not constitute prejudice, the impairment of a defendant's ability to proceed to trial is prejudicial. *In re PPA*, 460 F.3d at 1227-28. (quotation marks omitted). Plaintiff's refusal to participate in drafting a pretrial statement interferes with Defendants' ability to engage in meaningful trial preparation with the full benefit of the information to which they are entitled under the Court's scheduling order. Plaintiff's refusal to even participate in the case, with the resulting delays of the trial date, similarly prejudices Defendants.

The ability to meaningfully prepare for a trial is of no small significance given that the opposing party is pro se, which can lead to increased unpredictability during trial while demanding greater latitude and leniency in the handling of any unexpected trial issues which arise. At a minimum, Defendants are entitled to prepare for trial with the benefit of Plaintiff's pretrial statement identifying his witnesses, his exhibits, and other relevant information. Plaintiff's refusal to provide this essential information via a pretrial statement causes Defendants prejudice, without

6

1 justification.  As set forth above, Defendants are also prejudiced by the fact that Plaintiff has caused
2 lengthy delays of the trial date, with no end in sight.  It is unfair to Defendants for the Court keep
3 this case pending indefinitely, while the Court and Defendants wait for Plaintiff to participate in
4 the case and respond to the Court's and Defendants' many attempted communications.

### d. Disposition on the Merits

Public policy always favors disposition on the merits, but "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228 (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).  Here, Plaintiff's own conduct is at issue and despite being given many chances to comply with the Court's orders and to participate in the case, Plaintiff has failed to do so.  *See id.* at 1228.

### e. Alternative Sanctions

Finally, there are no alternative sanctions which are satisfactory.  The monetary sanctions imposed by the Court on Plaintiff in the past have proven to be an inadequate remedy for Plaintiff's repeated failures to engage with the case and have not changed Plaintiff's behavior.  Further, the preclusion of exhibits or witnesses cannot be viewed as a *sanction* given that the preclusion of exhibits and witnesses amounts to nothing more than the *consequence* compelled by the failure of Plaintiff to participate in filing a pretrial statement identifying exhibits and witnesses.  *See* Local Rule 281(b)(10),(11).

Plaintiff has been given many opportunities to comply with orders of the Court and prosecute the case.  The Court is mindful that Plaintiff is proceeding pro se and for that reason, the Court has given Plaintiff many chances and many warnings before imposing the sanction of dismissal of the case—notwithstanding the complete absence of any cause shown by Plaintiff for his disregard of Court orders and lack of interest in prosecuting the case.

### III. Conclusion and Order

The Court finds that dismissal of this action is appropriate.  *In re PPA*, 460 F.3d at 1228-29.  Dismissal is a harsh sanction and it is not to be meted out lightly.  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).  However, as set forth above, the public's interest in expeditious

resolution weighs in favor of dismissal; the conduct at issue significantly impacts the Court's ability to manage its docket; Plaintiff's refusal to prosecute the case and the resulting delays prejudices Defendants; and there are no satisfactory alternative sanctions available given the procedural posture of the case and Plaintiff's repeated failures to abide by Court orders despite other forms of sanctions imposed on him. *Dreith*, 648 F.3d at 788.

Based on the foregoing, it is HEREBY ORDERED that this action is dismissed, with prejudice, based on Plaintiff's failure to prosecute the case and failure to comply with court orders, as set forth above. The Clerk is DIRECTED to enter judgment pursuant to this Order.

IT IS SO ORDERED.

Dated: **July 6, 2020**          /s/ *Sheila K. Oberto*
                                 UNITED STATES MAGISTRATE JUDGE